. No. 20,232.

WILLIAM SCHAAP, *Appellee*, v. PERRY HAYES, *Appellant*.

SYLLABUS BY THE COURT.

ASSAULT AND BATTERY — *Damages* — *Character of Proof* — *Verdict Set Aside*. In an action for damages for an assault and battery the plaintiff having introduced evidence tending to show that he had been wrongfully struck by the defendant, and that he had received certain physical injuries thereby, it was not necessary in order to make a case for the jury that any witness should estimate in dollars and cents the extent of his suffering.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed November 11, 1916. Affirmed.

*P. Hayes,* and *James W. Orr,* both of Atchison, for the appellant.

*W. P. Waggener, J. M. Challiss,* and *W. E. Brown,* all of Atchison, for the appellee.

The opinion of the court was delivered by

MASON, J.: William Schaap brought an action against Perry Hayes to recover damages for an assault and battery alleged to have been committed upon him. The jury returned a verdict for the defendant, but the court set it aside on the ground that it was contrary to the evidence, and he appeals.

The rule is familiar that ordinarily a ruling granting a new

Schaap v. Hayes.

trial because of the judge's view of the effect of the evidence is not appealable. The defendant, however, maintains that this case falls within the rule announced in *Sovereign Camp v. Thiebaud,* 65 Kan. 332, 69 Pac. 348, that an order granting a new trial because the verdict is against the evidence may be reversed where there' is no substantial dispute as to the material facts, and there was no evidence at all against the findings of the jury. The defendant concedes that "the evidence is somewhat conflicting as to who was the aggressor, and as to what was done," but insists that there was no basis for a verdict against him, because although there was testimony that the plaintiff was struck in the face, knocked down and kicked, receiving various bruises, there was no evidence whatever "tending to prove the value or extent of any damage" sustained by him, no showing being made of the incurring of expense for medical treatment, or of the amount of suffering occasioned by his injuries. The plaintiff, having introduced evidence tending to show that he had been wrongfully struck by the defendant, the physical effect of the blows being stated, was entitled to have his case go to the jury. It was not necessary that any witness should place a money estimate upon his physical or mental suffering. "It is unnecessary to submit any evidence as to the value of mental and physical pain and suffering and humiliation, and the amount of damages to compensate therefor, since this is a question exclusively for the jury." (8 R. C. L. 653. See, also, 8 A. & E. Encycl. of L. 659; 1 Sedgwick on Damages, 9th ed., § 171a; 1 Bouvier's Law Dictionary, 3d ed., p. 751.) A question of fact having rightfully been submitted to the jury, their verdict can not stand without the approval of the trial court.

The order granting a new trial is affirmed.