No. 21,403.

JAMES E. DRYSDALE, *Appellee,* v. WILLIAM WETZ, FRED WETZ, and HERMAN WETZ, *Appellants.*

SYLLABUS BY THE COURT.

1. ASSAULT — *Conspiracy* — *Order of Proof* — *Judicial Discretion.* The order in which proof of a conspiracy is received rests to a large extent in the discretion of the court, and in this case it is held that defendants were not prejudiced by the admission in evidence of declarations made by one of the defendants before proof of the conspiracy, it being followed up by sufficient evidence to establish the existence of the conspiracy as alleged.

2. SAME—*Instructions to be Construed as a Whole.* An instruction is not to be condemned by separating from its context language in one part of it and ignoring the instruction as a whole.

3. SAME. Objections to certain instructions examined, and held to be without merit, the abstract making no reference to the other instructions given.

4. TRIAL—*Witness Rebuked by Court before Jury—No Error.* While testifying as a witness, one of the defendants made a voluntary statement outside of the case which called for a rebuke by the court and an admonition not to repeat the offense. *Held,* that the incident was not likely to have prejudiced defendants, but if it did they cannot complain.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed March 9, 1918. Affirmed.

*G. M. Martin,* of Medicine Lodge, for the appellants.

*Seward I. Field, J. N. Tincher,* both of Medicine Lodge, and *A. L. Noble,* of Winfield, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued to recover actual and exemplary damages for an assault and battery, alleging that the defendants unlawfully conspired to assault and beat him. The jury returned a verdict in his favor for $1,000, upon which judgment was rendered, and the defendants appeal.

Fred Wetz filed a separate answer admitting that he had struck the plaintiff, but alleged provocation by plaintiff's insults and threats. Separate answers were filed by the other

two defendants denying any conspiracy or participation in the assault.

William Wetz is the father of Herman and Fred Wetz. The plaintiff had been employed by defendants on their ranch in Barber county, and had been discharged or for some reason left their service, and had sued them before a justice of the peace to recover his wages. The alleged assault occurred on the street in Kiowa on the 18th of July, immediately after the jury in the civil action in the justice court had returned a verdict in his favor against the defendants for the amount he claimed to be due.

On the trial of this action one of plaintiff's attorneys testified that on the return day of the summons in the civil action William Wetz appeared before the justice to have that case continued, and in the presence of the justice repeatedly cursed Drysdale and threatened that if he tried to have a lawsuit with him he would get his boys and kill him, and that the justice of the peace had difficulty in quieting Wetz. The allegation in the petition was that on or about July 18, 1916, the defendants conspired together to commit the assault. It is objected that no conspiracy had yet been shown and that the testimony of the witness concerning the declarations by one of the alleged conspirators was inadmissible. It was followed up, however, by abundant evidence tending to show the conspiracy; and the order of proof in such cases rests largely in the discretion of the trial court. The admission of the evidence at the time could not have prejudiced the defendants. Only general objections were made to its admission, and there was no request for an instruction limiting its effect or scope.

The court gave the following instruction:

"As I have heretofore said to you the defendant Fred Wetz, in his answer admits that he struck the plaintiff once at the time and place set out in plaintiff's petition and you are instructed that this admission by the defendant Fred Wetz is binding upon him for all of the purposes of this trial and the jury will consider it as an admitted fact in the case in so far as the defendant Fred Wetz is concerned but no further."

It is seriously insisted that the language "for all of the purposes of this trial" justified the jury in considering the admission in the answer of Fred Wetz as evidence of the alleged conspiracy. The complaint is merely another instance of an attempt to condemn an instruction by separating from its con-

text language of the court without considering the instruction as a whole. The court distinctly charged that the answer was to be considered by the jury as an admitted fact in the case "in so far as the defendant Fred Wetz is concerned but no further."

We cannot agree with the contention urged in the defendant's brief that the fact that the old man and his boys were seen together immediately before the assault was no evidence of a criminal conspiracy to harm the plaintiff. The plaintiff testified that just before the assault his wife and children drove up in a buggy, and he was standing by the side of the buggy in the street talking to them; that just then he looked and saw the three defendants standing talking together a short distance away. This was a circumstance tending, in connection with the other testimony, to show a conspiracy on the part of the defendants to commit the assault.

A careful examination of the instructions complained of discloses that the objections urged against them are without merit. The court properly instructed that the alleged conspiracy might be proved by circumstantial evidence, and it was not the duty of the court to comment upon the evidence and inform the jury what circumstances in the evidence would justify them in finding that a conspiracy existed. The abstract sets out instructions 6, 8, 9, 12 and 14, which are complained of, and omits all reference to the others which the court gave. We must assume that the court covered the issues in the other instructions given. Instruction No. 9 is criticized on the theory that it authorized the jury to find a fact from circumstantial evidence. This was proper. (*Bank v. Freeburg,* 84 Kan. 235, 114 Pac. 207.) The court pointed out no special circumstances in evidence as being convincing, but left to the jury to determine the inferences to be drawn from the circumstances proved. Instruction No. 12 is not open to the objection that it puts all damages into one catalogue and disposes of them under the same rule of proof. The instruction, which relates to actual damages, charged the jury to estimate the damages from the facts and circumstances in proof, and to consider these in connection with their knowledge, observation, and experience. There was no error in charging that it was not necessary that any witness should

express an opinion as to the amount of the damages. (*Schaap v. Hayes*, 99 Kan. 36, 160 Pac. 977.)

There was evidence showing that the defendants were tried in the police court for the alleged assault and entered pleas of guilty. The court refused a requested instruction that this evidence was not conclusive of the guilt of the defendants, but should be considered in connection with all of the evidence for the purpose of determining whether or not the defendants, or any of them, assaulted the plaintiff as charged in the petition. As observed, we are not informed what the other instructions charged. While the requested instruction might have been given, no prejudice is shown by its refusal; and there is no force in the contention that the jury were permitted to consider the record in the police court as a basis for exemplary damages. Besides, the requested instruction made no reference to the question of damages.

On cross-examination William Wetz was asked if he had not had considerable litigation since he came to Barber county, and also whether he had not stated that he "had plenty of money and the boys could spend it," and that he was going to keep Drysdale out of his money as long as possible. We perceive no error in permitting these questions on cross-examination. They are the only ones to which timely objections were made.

While testifying as a witness, William Wetz made this remark: "If my boy just struck that boy's face and you come and make a howl and it was not as much as when old man Roosevelt got shot." Thereupon the court admonished him as follows: "Do not refer to any president of the United States, or ex-president. Treat them with respect. I don't want you to do that again in this court." It is seriously insisted that "this chastisement" by the court prejudiced William Wetz before the jury. The court saw fit to rebuke the witness for making a voluntary statement which had nothing to do with the case. The plaintiff's rights should not suffer, especially since the incident was not likely to have seriously prejudiced the defendants.

The judgment is affirmed.