No. 21,478.

STELLA KUNZ, *Appellant,* v. W. H. ALLEN and CHARLES H. BAYNE, Partners, etc., *Appellees.*

### SYLLABUS BY THE COURT.

TORT—*Exhibition of Photograph in Moving Picture—Rights of Privacy—Damages.* The exhibition in a moving-picture theater of the photograph of a person taken without her consent and for the purpose of exploiting the publisher's business, is a violation of the right of privacy, and entitles her to recover without proof of special damage.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed April 6, 1918. Reversed.

*Winfield Freeman,* of Kansas City, for the appellant.

*Thomas J. White,* and *J. H. Reeder,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: While plaintiff was in the dry-goods store of defendants for the purpose of making some purchases, the defendants, without her knowledge, caused moving picture films to be taken of her face, form, and garments, and afterwards procured the films to be developed, enlarged, and used to advertise their business, by public exhibition in a moving-picture theater in the neighborhood where she lived, by reason of which, the petition alleged, she became the common talk of the people in the community; it being understood and believed among the people generally that she had for hire permitted her picture to be taken and used as a public advertisement. The answer was a general denial. The court sustained a demurrer to the plaintiff's evidence, and she appeals.

The principal ground upon which it is claimed the demurrer was sustained, is that the plaintiff failed to prove any actual damages. This was not necessary. (*Schaap v. Hayes,* 99 Kan. 36, 160 Pac. 977; *Pavesich v. New Eng. Life Ins. Co.,* 122 Ga. 190.) In the first case cited, the action was for damages on account of an assault and battery. It was held not necessary, in order to make a cause for the jury, that any witness should estimate in dollars and cents the extent of plaintiff's suffering. The opinion quoted with approval the following extract from 8 R. C. L. 653:

"'It is unnecessary to submit any evidence as to the value of mental and physical pain and suffering and humiliation, and the amount of damages to compensate therefor, since this is a question exclusively for the jury.'" (p. 37.)

Other authorities cited in the opinion are: 8 A. & E. Encycl. of L. 659; 1 Sedgwick on Damages, 9th ed., § 171*a*; 1 Bouvier's Law Dictionary, 3d revision (8th ed.), page 751.

In the other case cited, the supreme court of Georgia ruled:

"The publication of a picture of a person, without his consent, as a part of an advertisement, for the purpose of exploiting the publisher's business, is a violation of the right of privacy of the person whose picture is reproduced, and entitles him to recover without proof of special damage." (syl. ¶ 11.)

In the opinion it was said:

"The right of privacy has its foundation in the instincts of nature. It is recognized intuitively, consciousness being the witness that can be called to establish its existence. . . . Each individual as instinctively resents any encroachment by the public upon his rights which are of a private nature as he does the withdrawal of those of his rights which are of a public nature. A right of privacy in matters purely private is therefore derived from natural law." (p. 194.)

In another place in the opinion it was said:

"If one's picture may be used by another for advertising purposes, it may be reproduced and exhibited anywhere. If it may be used in a newspaper, it may be used on a poster or placard. It may be posted upon the walls of private dwellings or upon the streets. It may ornament the bar of the saloon-keeper, or decorate the walls of a brothel. By becoming a member of society, neither man nor woman can be presumed to have consented to such uses of the impression of their faces and features upon paper or upon canvas." (p. 218.)

In *Munden v. Harris, et al.,* 134 S. W. 1076, (153 Mo. App. 652) the Missouri court of appeals held:

"One has the exclusive right to his picture as a property right of material profit, and, unless he has expressly or impliedly consented to its use by others, he may sue at law for damages for the invasion of the right." (syl. ¶ 3.)

"Where one's exclusive right to his picture is invaded, special damages, though recoverable, if demanded, are not necessary in an action at law for damages, and general damages are recoverable without a showing of specific loss." ~(syl. ¶ 4.)

Some of the witnesses for the plaintiff on cross-examination admitted that the publication of the plaintiff's picture did not have the effect to lessen their esteem for her. It is seriously argued that this evidence conclusively established the fact that plaintiff had not sustained any damage. On the contrary it merely proved the sincerity of the friendship the witnesses entertained for plaintiff.

The court seems to have unduly limited the proof offered by the plaintiff for the purpose of showing that the publication of the picture caused her to be talked about commonly in the neighborhood, but this can be corrected on another trial.

The judgment is reversed, with directions to overrule the demurrer.