PREST and another, Copartners, Respondents, vs. STEIN, Appellant.

*January 7—February 4, 1936.*

For the appellant there was a brief by *Sanville & Cohn,* attorneys, and *A. W. Richter* of counsel, all of Milwaukee, and oral argument by *Mr. Richter* and *Mr. Milton M. Cohn.*

For the respondents the cause was submitted on the brief of *Geo. J. Graebner* and *Wallace H. Hahn,* both of Milwaukee.

ROSENBERRY, C. J.    The trial court'was of the view that, because sec. 85 of title 15 of the United States Code Annotated provides that no portrait of a living individual can be registered as a trade-mark, the plaintiffs could not for that reason be permitted to use the portrait of a living individual as a trade name and could not enjoin the use of the President's portrait and name by the defendant. Upon the same consideration the trial court was of the view that the defendant had no right to use the President's name and portrait as a trade name; that such use was wrongful, and, because wrongful, the defendant was deprived of no legal right when he was

enjoined from using it, and therefore sustained no damage. The temporary injunction enjoined the defendant—

"from preparing, putting up, selling, manufacturing and offering for sale any cigars in connection with which are used the name and/or picture of Franklin D. Roosevelt upon boxes, labels or bands," etc.

If the use of the President's name and portrait by the defendant was not wrongful and unlawful, manifestly the defendant is entitled to recover from the plaintiffs and their surety any damage sustained by him by reason of the issuance of the temporary injunction, unless the violation of the injunction bars the defendant from recovering his damages.

It is considered that the trial court was in error in holding that the use of the President's name and portrait by the defendant was wrongful and unlawful. From a consideration of the language of the United States Code already quoted, it is apparent that it applies to nothing but the right to register a trade-mark. At common law the use of the name and photograph of another for advertising purposes was not unlawful. See *Henry v. Cherry & Webb,* 30 R. I. 13, 73 Atl. 97, 24 L. R. A. (N. S.) 991, and cases cited in note. A different view prevails in some jurisdictions. See *Kunz v. Allen,* 102 Kan. 883, 172 Pac. 532, L. R. A. 1918D, 1151. See also note, 14 A. L. R. 295; *Schuyler v. Curtis,* 147 N. Y. 434, 42 N. E. 22, 31 L. R. A. 286. Apparently there is no federal statute securing to an individual the right to the exclusive use of his name and photograph. Wisconsin has no such statute. In the absence of such a statute, it was not unlawful for the defendant to use the name and portrait of the President for advertising purposes. The fact that it is in poor taste and shocks our sense of propriety that the name and portrait of the chief magistrate of the nation should be so used does not make it illegal and unlawful.

It is considered that the contention of the plaintiffs that the defendant forfeited his right to damages under the bond because he violated the injunctional order cannot be sustained. No case is cited to our attention where it has been so held, and we find none. In *Colcord v. Sylvester,* 66 Ill. 540, the court having the matter under consideration, said:

"The condition of the bond is one thing, the service of the writ another and entirely different thing. By the service of the writ, the party against whom it is directed is under the mandate of the court, which he must regard at his peril. We have not found a case where his disobedience has deprived him of his right of action on the bond." See cases cited in 32 C. J. p. 454, § 786.

Under the provisions of sec. 268.06, Stats., the judge issuing the injunction in a case like the one at bar must require an undertaking to pay any damages which the defendant may sustain if the court shall finally decide that the plaintiffs were not entitled to an injunction. Sec. 268.07, Stats., prescribes the method of ascertaining the amount of the damages, if any. We perceive no ground either upon reason or authority on which it can be held, assuming that the defendant violated the injunctional order, a matter which we do not decide, that such violation by him defeats his right to recover his damages against the plaintiffs and their surety. The methods adopted by the defendant after the 5th day of August, 1933, may operate to mitigate the damages, but do not preclude the defendant from recovering such damages as he has sustained. The proceedings to enforce plaintiffs' liability on the bond are in the nature of an action upon contract, not a proceeding in equity.

*By the Court.*—The judgment and order appealed from are reversed, and the cause remanded for further proceedings.