## PROUTY v. NATIONAL BROADCASTING CO., Inc.

### No. 53.

District Court, D. Massachusetts.

Jan. 9, 1939.

Nutter, McClennen & Fish, Edward F. McClennen, and Charles B. Newhall, all of Boston, Mass., for plaintiff.

Gaston, Snow, Hunt, Rice & Boyd and Thomas Hunt, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

This bill of complaint was filed September 17, 1938. Plaintiff concedes that it is a civil action and not an infringement suit brought under 17 U.S.C.A. § 25, and is, therefore, governed by the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Defendant has moved to dismiss, under Rule 12 (b) (6), for failure to state a claim upon which relief can be granted.

The question now presented, therefore, is whether the allegations of the complaint, if proved, would entitle the plaintiff to relief without the aid of section 25 of the Copyright Law.

Plaintiff has obviously endeavored to follow Rule 8 (e) in stating her claim, and it is not easy to summarize in a few words the allegations of the bill.

After alleging jurisdictional prerequisites, she says that she is the author and present owner of an original novel entitled "Stella Dallas" and of the copyright of both the work and the title thereto; that the novel is in a uniform text known to the defendant.

In the third paragraph of her complaint she alleges facts which tend to show that the novel, as a work of art, has a present and potential value, adding that she has in contemplation the writing of a sequel in which the character "Stella Dallas" will feature.

In the fourth paragraph, the alleged wrong of the defendant is set forth as follows: "The respondent, in return for money compensation and in violation of the rights of the complainant and without the approval or consent of the complainant, is engaged in broadcasting throughout the United States and Canada and to reception throughout the world skits as episodes in the life of the Stella Dallas in the character portrayed in said novel under that name and title. These are a degradation in artistic quality and harmonious consistency from the said novel or from any play based thereon. They are not an adaptation, change, addition, subtraction, use or treatment of said novel or of any play

based thereon. They are improvisations of a person or persons unknown to the complainant. They are of inferior artistic and commercial quality. In this way, the respondent is misappropriating the title 'Stella Dallas' and the complainant's rights therein and to the imaginatively created personality Stella Dallas and to the complainant's established goodwill developed by the complainant's successful authorship, to matter of such inferior grade as to imperil the further sale of said novel and of any sequel thereto, and the reputation of the complainant as the well known author of Stella Dallas and thereby to imperil the further sale of other works which the complainant has written and is writing, whose future sale is dependent on the continued maintenance of the high reputation as an author which the complainant now has."

The plaintiff also by reference has incorporated the text of broadcasts made by the defendant since November 1, 1937. A demand to discontinue the broadcasts and a refusal are also alleged.

If it should appear that in these broadcasts the defendant had appropriated, without plaintiff's consent, the plot and principal characters of the novel, and that the use being made of her literary production was such as to injure the reputation of the work and of the author, and to amount to a deception upon the public, it may well be that relief would be afforded by applying well-recognized principles of equity which have been developed in the field known as "unfair competition."

It may be true, as the defendant contends, that on the pleadings it must be found that there is no competition between the plaintiff, as a writer of novels, and the defendant as a broadcasting station. The absence of the element of competition, however, is not necessarily fatal to the plaintiff's claim. Wall v. Rolls-Royce of America, Inc., 3 Cir., 4 F.2d 333; Yale Electric Corp. v. Robertson, Com'r of Patents, 2 Cir., 26 F.2d 972; Alfred Dunhill, of London, Inc., v. Dunhill Shirt Shop, Inc., D. C., 3 F.Supp. 487; Vogue Co. v. Thompson-Hudson Co., 6 Cir., 300 F. 509.

In Vogue Co. v. Thompson-Hudson Co., supra, the Court observed that unfair competition is only a "convenient name for the doctrine that no one should be allowed to sell his goods as those of another. * * * There is no fetish in the word 'competition.' The invocation of equity rests more vitally upon the unfairness."

[Page 512.] It is the injury to the author and a fraud upon the reading public that constitute the real offense alleged. Until there has been a hearing upon the merits, when the Court will have before it the text of the broadcasts, it is impossible to determine whether the plaintiff is entitled to the relief for which she has prayed.

The motion to dismiss, therefore, is denied without prejudice to any defense that may be set up in answer to the merits.