### WARING v. DUNLEA.

District Court, E. D. North Carolina,
Wilmington Division.
Jan. 25, 1939.

John Garwood Newitt, of Charlotte, N. C., for complainant.

Alan Marshall, of Wilmington, N. C., for respondent.

MEEKINS, District Judge.

This is an Equity Cause in which Complainant seeks to enjoin Respondent from using or playing on Respondent's radio station W M F D, certain electrical transcriptions of musical interpretations or renditions of Complainant's orchestra. A Notice appears on the record or electrical transcription that the record is to be used only on the Ford Motor Program and limited to such use on the part of the distributee. Respondent was not a distributee and the record was played by Respondent on a program other than the Ford Motor Program.

There is diversity of citizenship and the jurisdictional amount is present.

Complainant is the owner of an orchestra, nationally known and he made certain electrical transcriptions of his unique interpretations of different musical numbers, which for a consideration he distributed over the radio on a special program, known as the Ford Motor Program.

The transcriptions contained a notice or legend that the use was limited to the distributee station for the purpose only of being played on a definite program.

Respondent without the consent of Complainant, and not being one of the licensed distributees, played one of Complainant's musical numbers "Wa-Hoo" on his radio station, this number being one of the presentations of a musical number contracted for on the special program.

Both Complainant and Respondent are engaged in a business of selling musical entertainment to the public.

It appears to the Court that Complainant has created by his efforts and talents a distinctive style known as his style, in the interpretations of musical numbers. He desires to sell or license such renditions. This presents the first question: Does Complainant have such an interest in his unique rendition that it is a distinct and separable property right? My answer is, Yes.

340

■ Rights in personal property are of no less importance than rights in real property. To say that personal property cannot be divided in its uses and distribution of its uses would be like saying that real property can only be conveyed in fee simple. The other course has been definitely established. Land is subject to restrictions, and chattels are likewise subject to restrictive uses.

"Just as modern needs have brought equitable restrictions on land, of which the old common law knew nothing, into existence, they may also call for a limited departure from the free transfer of chattels for the sake of promoting desirable business practices wholly strange to Coke's day." 31 Harvard Law Review 945, 983.

■ Complainant has a property right in his performance. Complainant by mental labor creates something which is the subject of sale, for he has contracted for its rendition with the Ford Motor Company. It is his work, his property, and so recognized.

"Nothing can with greater propriety be called a man's property than the fruit of his brain." Copinger's Law of Copyright, 5th Ed., Pg. 1.

■■ A dramatic performance gives life to the story, and. is the property of the interpreter. The geat singers and actors of this day give something to the composition that is particularly theirs, and to say that they could not limit its use is to deny them the right to distribute their art, as they may see fit, when they see fit. Surely, their labors and talents are entitled to the privilege of distribution, especially where, as here, the privilege is subject to definite terms and bounds. They have an exclusive right in their property and thus have a right to prohibit its unauthorized public performance. Ferris v. Frohman, 1912, 223 U.S. 424, 32 S.Ct. 263, 56 L.Ed. 492; Palmer v. De Witt, 1872, 47 N.Y. 532, 7 Am.Rep. 480; Tompkins v. Halleck, 1882, 133 Mass. 32, 43 Am.Rep. 480.

■ Performance is not a publication. Uproar Co. v. Nat. Broadcasting Co., D.C., 1934, 8 F.Supp. 358; Ferris v. Frohman, 1912, 223 U.S. 424, 32 S.Ct. 263, 56 L.Ed. 492.

■ The distribution of intellectual property or work is capable of limitation. Press Pub. Co. v. Monroe, 2 Cir., 1896, 73 F. 196, 51 L.R.A. 353.

■ The restrictions of the use of Complainant's interpretations are not unreasonable nor are they against public policy. If anything, they tend to create value, and develop interest in the arts, instead of interfering with the course of trade, which it does not since his works have never been placed in trading media, and since the artist by his restrictive covenant increases the uses and is more able to give his works and art to the public within proper limitations.

■■ The radio, motion picture, and television have great value and are the subject of popular demand and are as much the subject of property rights and deserve the protection of equity as the more concrete and definite easements in land.

"It requires but little argument to show that, since a man has a right to withhold from all dissemination his thoughts, sentiments, and emotions, no matter what their media of expression, he has a right to restrict or limit this dissemination. * * *

"Applying that principle to the instant case it is my view that the plaintiff is entitled 'to decide whether, and when, and how, and for whose advantage,' his rendition of musical compositions shall be mechanically reproduced." Waring v. W D A S, 327 Pa. 433, at pages 459, 461, 194 A. 631, at page 643; Edison v. Edison Polyform & Mfg. Co., 73 N.J.Eq. 136, 67 A. 392; Foster-Milburn Co. v. Chinn, 134 Ky. 424, 120 S.W. 364, 34 L.R.A.,N.S., 1137, 135 Am.St.Rep. 417; Kunz v. Allen, 102 Kan. 883, 172 P. 532, L.R.A.1918D, 1151; 70 U.S.L.Rev. 435; 51 Harvard Law Review 171; 38 Columbia Law Review 181; 86 Univ. of Penna. Law Rev. 217; 23 Washington Law Rev. Quarterly 283; 15 N Y U Law Quart. Rev. 275.

■ To allow Respondent to benefit financially by Complainant's work and skill would be an unfair trade practice and equity will enjoin such an effort on the part of Respondent.

Relief prayed by Complainant allowed, and Decree signed in accord herewith.