## Harlow et ux. v. Buno Co., Inc.

*Alexander Perry*, for plaintiffs.
*John Stevens*, for defendant.

ALESSANDRONI, J., July 26, 1939.—This is an action in trespass by Frances Harlow and Carey Harlow, her husband, for damages sustained by reason of the invasion of the wife plaintiff's right of privacy. The violation consisted of the unauthorized use of her photograph for

commercial purposes. Plaintiff Carey Harlow suffered a voluntary nonsuit at the trial. The jury found in favor of plaintiff, whereupon, defendant filed these motions for judgment n. o. v. and new trial.

Examining the testimony not only in the light most favorable to plaintiff, resolving all doubts in her favor but also giving her the benefit of every fact and inference of fact which may be reasonably deduced from the evidence: Mountain v. American Window Glass Co., 263 Pa. 181; Fasick v. Byerly, 331 Pa. 85; the following facts might fairly have been found.

Plaintiff Frances Harlow was employed as an operator in a beauty shop by Michael De Silvis. During her employment De Silvis arranged the coiffure of plaintiff as well as other employes and had their photographs taken which were displayed in the shop to illustrate the artistry of the proprietor. De Silvis forwarded the photograph of plaintiff, along with other models to the Milady Publishing Company in New York, which used them in display placards which were sold for advertising purposes to beauty, barber shops, and allied trades throughout this country and Canada. These placards were prepared from season to season and the customers of the publishing company selected forms and submitted advertising matter to be inserted in the center.

Every photograph forwarded to the publishing company was accompanied by a release permitting its use for commercial purposes. Plaintiff denied that she executed the release which was forwarded with her photograph, and under the verdict of the jury the signature affixed thereto must be considered a forgery.

Defendant, Buno Company, Inc., was engaged in the manufacture and distribution of a liquid hair preparation. In response to a solicitation from Milady Publishing Company defendant ordered many thousands of the display cards which contained the photograph of plaintiff and directed the publishing company to imprint on

the chart advertising copy pertinent to its product. These charts were distributed to the customers of defendant company. Inquiry was made at the time of purchase by the purchasing agent of defendant company concerning the permission to use the photographs appearing on the charts. The publishing company assured defendant's agent that releases had been received from each of the models.

Distribution of these charts started in 1935. About the same time plaintiff opened a beauty shop of her own and engaged in business in the City of Philadelphia. She testified that three years later she saw her photograph on one of these display charts advertising the product of defendant company. Testimony was offered to show that other people in the community also recognized her picture and that her business suffered appreciably as a result thereof. There was no evidence to show that defendant company distributed the posters after it received notice in July 1938 that the use of the photograph was unauthorized.

This action is based upon an invasion of the right of privacy, the existence of which the appellate courts of this Commonwealth have not heretofore had occasion to pass upon, although an interesting discussion of one phase of the doctrine may be found in the concurring opinion of Justice Maxey in the case of Waring v. WDAS Broadcasting Station, Inc., 327 Pa. 433, 456. The doctrine was crystallized in an article, The Right to Privacy, by Professor Warren and Justice Brandeis, written in 1890, which appeared in 4 Harvard L. R. 193. Prior to that time litigation which involved this type of violation was decided not upon the existence of the right of privacy but rather upon a supposed right of property for breach of trust or confidence: Routh v. Webster, 10 Beav. 561, 50 Eng. Repr. 698; Dixon v. Holden, 7 L. R. Eq. 488. The true nature of the right, however, is one which is closely akin to the rights of personal security and personal lib-

erty and is derived from the natural law. It is a complement of those rights./The confusion surrounding its development appears to flow from the complexities arising from modern technological growth and the difficulties involved in its application and the resultant effects upon organized society. In New York the existence of the right was denied and the legislature was called upon to provide a remedy: Roberson, etc., v. The Rochester Folding Box Co. et al., 171 N. Y. 538, 64 N. E. 442. In other jurisdictions the right has since been recognized judicially: Pavesich v. New England Life Ins. Co. et al., 122 Ga. 190, 50 S. E. 68; Kunz v. Allen et al., 102 Kan. 883, 172 Pac. 532; Edison v. Edison Polyform Mfg. Co., 73 N. J. Eq. 136, 67 Atl. 392; Munden, etc., v. Harris et al., 153 Mo. App. 652, 134 S. W. 1076; Foster-Milburn Co. v. Chinn, 134 Ky. 424, 120 S. W. 364; Melvin v. Reid et al., 122 Cal. App. 285, 297 Pac. 91; Douglas v. Stokes, 149 Ky. 506, 149 S. W. 849; Corliss et al. v. E. W. Walker Co. et al., 64 Fed. 280. It has been judicially recognized that a man's name is his own property: Brown Chemical Co. v. Meyer, 139 U. S. 540, 35 L. ed. 247. The peculiar caste of one's own features must be.

An extended discussion of the interesting rationale contained in the decisions of the cases cited above, as well as other decided cases in this country and in England, will burden this opinion unnecessarily. In the absence of any decision on this subject by the appellate courts of this Commonwealth this court recognizes the existence of the right of privacy.

It becomes necessary, therefore, to determine whether there has been an invasion of that right under the circumstances of this case such as to impose liability upon this defendant. An examination of the theory of the doctrine and the decided cases indicates that the invasion must be intentional and that defendant must knowingly publish the photograph of plaintiff without authority. The practical hardship of the extension of this right beyond

that limitation is apparent upon consideration of the facts in the case now before this court. The uncontroverted proof established not only that defendant was unaware that the use of this photograph was unauthorized but also that it acted with due regard to plaintiff's rights' and in the exercise of the proper caution. Its participation was passive and in fact it merely acted as a conduit. To extend the liability to a person in the position of defendant would preclude the use of photographs or even portraits for commercial purposes. Defendant ascertained the existence of releases before it published the poster. It is inconceivable that it should be held an insurer for the presence of a legally binding and uncontestable release. If the burden of proving the authenticity of a release is imposed upon one who purchases advertising material from a publishing company, it would be necessary for him either to witness the execution of the release and in addition ascertain the identity of the model executing it, or if the release had already been executed to investigate and determine the identity of the various models appearing in the display chart and then assure himself that they had executed the releases in the possession of the publishing company. The practical difficulties of meeting such a burden are oppressive and would prevent the use of photographs for advertising purposes. It is evident, therefor, that the recognition of this right requires that liability for its invasion must be limited and cannot be extended without restriction. It is likewise apparent that the invasion of this right requires a direct trespass, the necessary element of which is intent.

For the foregoing reasons this court is of the opinion that defendant's motion for judgment non obstante veredicto must be granted. Accordingly, the motion for new trial must be dismissed.

And now, to wit, July 26, 1939, defendant's motion for judgment non obstante veredicto is granted and the motion for new trial is dismissed.