**Bert LAHR, Plaintiff,**

v.

**ADELL CHEMICAL CO., Inc., Jackson Associates, Inc., and Jacob L. Barowsky, Defendants.**

Civ. A. No. 61–85.

United States District Court
D. Massachusetts.

June 29, 1961.

Harold Katz, Boston, Mass., Arnold Ostwald, New York City, of counsel, for plaintiff.

Jerome P. Facher, Hale & Dorr, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action sounding in tort brought by plaintiff, a citizen and resident of New York City, against Adell Chemical Co., Inc. and Jackson Associates, Inc., both corporations organized under the laws of the Commonwealth of Massachusetts and having usual places of business in Holyoke, Massachusetts, until their dissolution on May 31, 1960, and against Jacob L. Barowsky, a resident of Massachusetts. Plaintiff alleges that the amount in controversy exceeds $10,000 exclusive of interest and costs.

The complaint describes plaintiff as a person who is and has been an actor and theatrical entertainer for the past 45 years, and alleges that plaintiff has achieved "stardom" in the entertainment field on the legitimate stage, in motion pictures, on radio, on television, in vaudeville, and in night clubs. Plaintiff says that in the course of the past 32 years he has developed a unique style of vocal comic delivery which by reason of its distinctive and original combination of pitch, inflection, accent, and comic sounds, has come to be widely known and readily identified and recognized by the public and the entire entertainment industry throughout the United States, Canada, and other parts of the world as the voice and comic sounds of the plaintiff.

The gravamen of plaintiff's complaint is that the defendant Adell Chemical Company, Inc., which manufactured a liquid cleanser known as "Lestoil," and Jackson Associates, Inc., a wholly owned subsidiary of Adell which handled advertising for Lestoil, caused the production and filming of a "television film commercial" advertising the product Lestoil, which commercial utilized an animated cartoon film wherein a figure of a duck simulated and mimicked the vocal comic style and comic sounds of the plaintiff. It is alleged in the complaint that the defendants did this with the intent of trading upon the fame of the plaintiff for their own profit and gain, and that the cartoon film has been widely distributed and shown to the public on television channels and stations throughout the United States and Canada. It is further alleged that this distribution was without the knowledge or consent of the plaintiff, and it is alleged that this cartoon film misled and deceived the public into believing that the words spoken and the comic sounds made by the cartoon duck were spoken and made by plaintiff. It is then alleged that these activities had depressing effects upon plaintiff's professional reputation, earning capacity, professional stature, etc., all to his damage, to an alleged amount of $500,000.

Defendants, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., filed a motion to dismiss the complaint on the ground that it fails to state a claim against the defendants upon which relief can be granted. The motion to dismiss was argued orally and both parties filed briefs in support of their respective positions.

I.

■ As to the defendant Jacob L. Barowsky: the plaintiff does not allege that Barowsky has committed any wrong against the plaintiff. It merely alleges that he was "a principal stockholder of Adell Chemical Company, Inc. and Jackson Associates, Inc., and an officer in each of said corporations," coupled with an allegation that on May 31, 1960, Adell and Jackson sold all of their assets to Lestoil Productions, Inc. and were dissolved on the same date. The situations in which a director or officer of a Massachusetts corporation is liable for debts of or claims against the corporation are set out in Mass.G.L., c. 156, §§ 35–37. The instant complaint does not bring plaintiff within the provisions of these sections, and the complaint is dismissed as to the defendant Jacob L. Barowsky on this ground, in addition to the ground discussed in Part II hereof.

II.

■ As to defendants Adell Chemical Company, Inc. and Jackson Associates, Inc.: it is incumbent upon the plaintiff

in this action to point out the law under which he claims that his complaint sets forth a cause of action. In his brief plaintiff makes the observation that "since the wrong done is alleged to have occurred throughout the United States and Canada, the substantive law of any one of the States or of Canada may apply." While this may be true as a matter of theory, it is incumbent upon the plaintiff to show which substantive law does in fact apply, and does in fact create the cause of action upon which he seeks to rely. Plaintiff does not establish a cause of action by inviting the Court to conduct its own examination of the law of all 51 jurisdictions, as is done in plaintiff's brief in opposition to the motion to dismiss.

 Plaintiff next makes the point that defamation is actionable and that this is too obvious to require belaboring. While this is true, there is nothing in the instant complaint sufficient to make out a case of defamation against the plaintiff Lahr, who at no time was identified by name in any of the film commercials under attack. Plaintiff then suggests that we might have here an actionable wrong "without the necessity of giving it a traditional label." A Federal district court sitting in a diversity case must follow the conflict of law rules of the State in which it sits, and absent a showing by plaintiff that the Massachusetts law of conflict of laws would lead to, recognize, and provide a recovery for such a label-less, anonymous tort, this suggestion avails the plaintiff naught.

Lastly, plaintiff relies on a group of three cases, Gardella v. Log Cabin, 2 Cir., 1937, 89 F.2d 891, Waring v. Dunlea, D.C.1939, 26 F.Supp. 338, and Prouty v. National Broadcasting Co., Inc., D.C. 1939, 26 F.Supp. 265. None of these cases tend to establish that a cause of action exists on the facts of the instant case. The Prouty case involved a suit by the copyright owner of the novel "Stella Dallas," and is distinguishable as a case involving copyright owner's protection of rights which flow from the fact that her novel "Stella Dallas" was copyrighted. The Waring case involves the unauthorized use of electronic transcriptions of the performance of various songs by Fred Waring's orchestra which had been made and sold only for use on radio programs sponsored by the Ford Motor Company. The Gardella case tends to support the motion to dismiss, involving, as it does, reversal by the Court of Appeals for the Second Circuit of a finding by the District Court in favor of the plaintiff in an action allegedly involving the original and an imitation "Aunt Jemima."

The motion to dismiss is granted by reason of the complaint's failure to state a cognizable cause of action.