**MAU v. RIO GRANDE OIL, Inc., et al.**

No. 21192–S.

District Court, N. D. California, S. D.

Aug. 31, 1939.

Melbert B. Adams, of San Francisco, Cal., for plaintiff.

Samuel M. Samter, of San Francisco, Cal., and Louis J. Irving, of Los Angeles, Cal. (H. L. Dunnigan, of Los Angeles, Cal., of counsel), for defendants.

ST. SURE, District Judge.

This is an action in tort invoking the right to privacy, or what Judge Cooley called the right "to be let alone."[1]

Plaintiff, employed as a chauffeur, was, on March 22, 1937, held up by a robber and shot, suffering serious injury. His nerves received a severe shock, and as a result of the encounter he became "mentally ill, nervous and distraught." Mere mention of the shooting caused acute nervous attacks. On and prior to August 4, 1938, defendant Rio Grande Oil, Inc., a corporation, was engaged in producing through the radio facilities of defendant Columbia Broadcasting System, Inc., a corporation, an advertising program entitled "Calling All Cars." On the last mentioned date, Rio Grande caused to be broadcast in San Francisco over the Columbia network a dramatization of the holdup and shooting, using plaintiff's name without his consent. When plaintiff heard the broad-

[1] Cooley on Torts, 4th Ed., Vol. 1, Sec. 135; see also "The Right to Privacy," IV Harvard Law Review 193.

cast he suffered mental anguish, aggravated by telephone calls from sympathetic friends who also heard the broadcast and were desirous of rehashing the near-tragedy which plaintiff wished to forget. On the day following the broadcast, and as a direct result thereof, plaintiff's physical and mental condition were such that he was unable to drive an automobile with safety, and he was promptly discharged by his employer. He asks for special and general damages. The above facts are from the complaint, jurisdiction appearing through diversity of citizenship and sufficient amount in controversy. The case is before the court on motion to dismiss.

■ "The right of privacy, conceding it to exist, is a purely personal one, that is, it is a right of each individual to be let alone, or not to be dragged into publicity."[2] The subject is one that has engaged the attention of jurists and legal writers for many years. Interest in it gained impetus in 1890 upon the publication of the article in the Harvard Law Review, supra, by the distinguished authors Honorable Louis D. Brandeis, later Associate Justice of the United States Supreme Court, and Mr. Samuel D. Warren. This profound disquisition found its inspiration in the principle as old as the common law, giving to the individual full protection in person and in property. Development of the law was suggested along spiritual rather than material lines, with emphasis upon an inviolate personality.[3] In actions founded upon the right of privacy, conservative jurists shied at an intangible spiritual concept as a basis for their conclusions, so

they resorted to fictions! The principle was sustained by the weight of authority upon various grounds, such as the right of property, breach of implied contract, breach of a trust or confidence, etc. In New York a divided court held that the right was without precedent and unknown to the common law. In the Southern states the idea was favorably received and supported. In California, Melvin v. Reid,[4] a case controlling here, the court said that "In the absence of any provision of law, we would be loath to conclude that the right of privacy as the foundation for an action in tort, in the form known and recognized in other jurisdictions, exists in California," and chose Sec. 1 of article I of the state Constitution[5] as the peg upon which to hang its decision sustaining the right.

■■ In Melvin v. Reid plaintiff was a denizen of the underworld. In 1918 she was tried for murder and acquitted. She abandoned her life of shame, became rehabilitated, and married. She assumed a place in respectable society and made many friends who were unaware of her former life. In 1925 defendants, without her consent, using her maiden name and featuring the unsavory incidents of her past life, produced and exhibited a moving picture with the lurid title "The Red Kimono." Physical and mental suffering resulted, and plaintiff's action for damages, based upon the right of privacy, was upheld.

It is settled that in tort cases in which the jurisdiction of the Federal courts rests upon diversity of citizenship, they will follow the law of the place where the tort

---

2 Cooley on Torts, supra, page 449.

3 "The intensity and complexity of life, attendant upon advancing civilization, have rendered necessary some retreat from the world, and man, under the refining influence of culture, has become more sensitive to publicity, so that solitude and privacy have become more essential to the individual; but modern enterprise and invention have, through invasions upon his privacy, subjected him to mental pain and distress far greater than could be inflicted by mere bodily injury." IV Harvard Law Review, supra, 196.

"If the invasion of privacy constitutes a legal injuria, the elements for demanding redress exist, since already the value of mental suffering caused by an act wrongful in itself, is recognized as a basis for compensation." ib. page 213.

"* * * the existing law affords a

principle which may be invoked to protect the privacy of the individual from invasion either by the too enterprising press, the photographer, or the possessor of any other modern device for recording or reproducing scenes or sounds." ib. page 206.

4 112 Cal.App. 285, 291, 297 P. 91, 93. Petition for rehearing denied by the District Court of Appeal, and petition to have the case heard in the Supreme Court after judgment in the District Court of Appeal also denied.

5 The section reads: "All men are by nature free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty; acquiring, possessing, and protecting property; and pursuing and obtaining safety and happiness."

was committed.[6] Applying the holding in Melvin v. Reid to the facts here, it follows that plaintiff's right to be let alone, has been violated, and, upon proof of his case, he may recover damages. The motion to dismiss will be denied.

---

[6] Boston & M. R. R. v. Breslin, 1 Cir., 80 F.2d 749, 750, 103 A.L.R. 695; certiorari denied 297 U.S. 715, 56 S.Ct. 590, 80 L.Ed. 1000; Reed & Barton Corp. v. Maas, 1 Cir., 73 F.2d 359, 361; see, also, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.