[Civ. No. 21131.   Second Dist., Div. Three.   Dec. 20, 1955.]

JOSEPH W. FAIRFIELD, Appellant, v. AMERICAN PHOTOCOPY EQUIPMENT COMPANY (a Corporation), Respondent.

Max Gewirtz and Ethelyn F. Black for Appellant.

Alexander H. Schullman, David S. Smith and Abe Mutchnik for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of nonsuit in an action for damages for the unauthorized use by defendant of plaintiff's name in advertising its product and for an injunction.

The following facts appear from admissions in the pleadings, the evidence, and reasonable inferences therefrom. Plaintiff is an attorney at law admitted to practice in New York and California. Defendant is an Illinois corporation doing business in California. Defendant is engaged in manufacturing and selling a photocopy machine known as "Apeco Systematic Auto-Stat." On July 1, 1954, defendant, without the permission of plaintiff and for the purpose of promoting sales of the machine and for gain and profit, circulated among the legal profession in the United States a printed advertisement indicating that plaintiff was a satisfied user of "Apeco Systematic Auto-Stat." The advertisement contained this statement: "Here's just a partial list of the thousands of leading law firms using the" machine, followed by a list of lawyers and law firms in various cities in the United States, including the name of plaintiff and "Los Angeles." Plaintiff was the only Los Angeles lawyer listed. About 30,000 copies of the advertisement were circulated in the major cities throughout the United States.

Prior to the time defendant circulated the advertisement, plaintiff purchased one of the machines from defendant, returned it to defendant, and defendant refunded the purchase price.

The judgment of nonsuit was granted on the ground there was no proof of damage. The rules governing the granting of a motion for judgment of nonsuit are axiomatic, have been frequently stated, and need not be repeated. (See *Dunn* v. *Pacific Gas & Elec. Co.*, 43 Cal.2d 265, 268 [272 P.2d 745]; 42 West's Cal. Dig. Trial, §§ 159-165.) ▮▮ It is error to grant a motion for a judgment of nonsuit if the plaintiff is entitled to any relief.

We accept the parties' appraisal of the nature of the action as one for damages for the invasion of plaintiff's right of privacy. The doctrine that there is a legally enforceable right of privacy has been definitely settled in California. (*Gill* v. *Curtis Pub. Co.*, 38 Cal.2d 273, 276 [239 P.2d 630]; *Coverstone* v. *Davies*, 38 Cal.2d 315, 322 [239 P.2d 876]; *Gill* v. *Hearst Pub. Co.*, 40 Cal.2d 224, 227 [253 P.2d 441]; *Melvin* v. *Reid*, 112 Cal.App. 285, 289-290 [297 P. 91]; *Metter*

v. *Los Angeles Examiner*, 35 Cal.App.2d 304, 308-310 [95 P.2d 491]; *Kerby* v. *Hal Roach Studios*, 53 Cal.App.2d 207, 210 [127 P.2d 577]; *Stryker* v. *Republic Pictures Corp.*, 108 Cal.App.2d 191, 194 [238 P.2d 670].) ■ The right is distinct in and of itself and not merely incidental to some other recognized right for breach of which an action for damages will lie. ■ Violation of the right is a tort. (*Melvin* v. *Reid*, 112 Cal.App. 285, 290 [297 P. 91]'; 77 C.J.S. 414, § 7.) ■ One concept of the right of privacy is the right of a person to be free from unauthorized and unwarranted publicity. (*Brents* v. *Morgan*, 221 Ky. 765 [299 S.W. 967, 970, 55 A.L.R. 964].) ■ The unauthorized use or publication of a person's name may constitute an actionable invasion of the right. (*Kerby* v. *Hal Roach Studios*, 53 Cal.App.2d 207 [127 P.2d 577]; *Birmingham Broadcasting Co.* v. *Bell*, 259 Ala. 656 [68 So.2d 314]; *Barber* v. *Time, Inc.*, 348 Mo. 1199 [159 S.W.2d 291, 295]; *Foster-Milburn Co.* v. *Chinn*, 134 Ky. 424 [120 S.W. 364, 135 Am.St.Rep. 415, 34 L.R.A.N.S. 1137]; *Vanderbilt* v. *Mitchell*, 72 N.J.Eq. 910 [67 A. 97, 14 L.R.A.N.S. 304]; *Edison* v. *Edison Polyform Mfg. Co.*, 73 N.J.Eq. 136 [67 A. 392]; *Schwartz* v. *Edrington*, 133 La. 235 [62 So. 660, Ann.Cas. 1915B 1180, 47 L.R.A.N.S. 921]; *Neyland* v. *Home Pattern Co., Inc.*, (2 Cir.) 65 F.2d 363, cert. den. 290 U.S. 661 [54 S.Ct. 76, 78 L.Ed 572]; *Mau* v. *Rio Grande Oil, Inc.*, 28 F.Supp. 845; *Routh* v. *Webster*, 10 Beav. 561, 50 Eng. Reprint 689]; anno: 138 A.L.R. 72, 168 A.L.R. 456.) ■ The exploitation of another's personality for commercial purposes constitutes one of the most flagrant and common means of invasion of privacy. (41 Am.Jur. 941, § 22.) ■ The gist of the cause of action in a privacy case is not injury to the character or reputation, but a direct wrong of a personal character resulting in injury to the feelings without regard to any effect which the publication may have on the property, business, pecuniary interest, or the standing of the individual in the community. (*Reed* v. *Real Detective Pub. Co.*, 63 Ariz. 294 [162 P.2d 133, 138]; *Continental Optical Co.* v. *Reed*, 119 Ind.App. 643 [86 N.E.2d 306, 88 N.E.2d 55, 14 A.L.R.2d 743, 747].) ■ The right of privacy concerns one's own peace of mind, while the right of freedom from defamation concerns primarily one's reputation. (*Reed* v. *Real Detective Pub. Co.*, 63 Ariz. 294 [162 P.2d 133, 139]; Pound in 28 Harv.L.Rev. 343, 362-363.) ■ The injury is mental and subjective. It impairs the mental peace and comfort of the person and may cause suffering much more

acute than that caused by a bodily injury. (Pound in 28 Harv.L.Rev. 343, 363.) ■ The desire of a business concern for publicity or advertising does not justify its invasion of the right of privacy. (*Kerby* v. *Hal Roach Studios,* 53 Cal.App.2d 207 [127 P.2d 577].) ■ The motives of a person charged with invading the right are not material with respect to the determination whether there is a right of action, and malice is not an essential element of a violation of the right. (*Barber* v. *Time, Inc.,* 348 Mo. 1199 [159 S.W.2d 291, 294]; *Cason* v. *Baskin,* 155 Fla. 198 [20 So.2d 243, 252, 168 A.L.R. 430, 443]; *Brents* v. *Morgan,* 221 Ky. 765 [299 S.W. 967, 970, 55 A.L.R. 964]; 77 C.J.S. 400, § 2; 4 Harv.L.Rev. 193, 218.) ■ Inadvertence or mistake is no defense where the publication does in fact refer to the plaintiff in such manner as to violate his right of privacy. (*Kerby* v. *Hal Roach Studios,* 53 Cal.App.2d 207, 213 [127 P.2d 577].)

■ The facts proven established an invasion of plaintiff's right of privacy. Defendant, without plaintiff's consent, advertised far and wide that plaintiff was a satisfied user of the machine. Plaintiff was not a satisfied user. The representation was false. The record warrants the inference that when defendant circulated the advertisement it knew plaintiff was not a satisfied user. The advertisement amounted to a pretended endorsement or recommendation of defendant's product. It was an unauthorized and unwarranted appropriation of plaintiff's personality as a lawyer for pecuniary gain and profit. The advertising use of plaintiff's name, without his consent, is comprehended within the narrowest definition of the right of privacy. It was clearly shown that a legal wrong had been done. It was error to grant the motion for judgment of nonsuit.

Defendant says that, at most, plaintiff was entitled to nominal damages only and that a judgment will not be reversed simply to permit a recovery of nominal damages, citing 14 California Jurisprudence 2d 637, section 8. We cannot say as a matter of law that plaintiff is only entitled to nominal damages. ■ Nominal damages are awarded to a plaintiff where the evidence shows a breach of duty owed to him or an invasion of his legal rights, without showing that he has thereby sustained a material injury. ■ A judgment for nominal damages must always involve a trivial sum. Such damages are damages in name only and not in

fact; they are the same as no damages at all. (*Price* v. *McComish*, 22 Cal.App.2d 92, 100 [70 P.2d 978].)

Civil Code, section 3281, reads:

"Every person who suffers detriment from the unlawful act or omission of another. may recover from the person in fault a compensation therefor in money, which is called damages." Section 3333 provides that the measure of damages for a tort "is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." ▉ Invasion of privacy for advertising purposes may afford the basis for an inference of improper motive. (*Barber* v. *Time, Inc.*, 348 Mo. 1199 [159 S.W.2d 291].) ▉ The advertisement necessarily carried the implication that plaintiff endorsed the machine and had permitted defendant to use his name as a lawyer in its advertisements. He had done neither. Plaintiff is entitled to compensation for injury to his peace of mind and to his feelings. The recoverable compensation for these items is difficult to determine since they afford no definite criteria for the ascertainment of damages. ▉ In a case of this character there can be no direct evidence of the amount of damages sustained, nor the amount of money which will compensate for the injury. The measure of damages therefore is for the trier of fact, and in assessing such damages he is accorded a wide and elastic discretion. (*Taylor* v. *Pole*, 16 Cal.2d 668, 673 [107 P.2d 614].)

The Supreme Court of Oregon in *Hinish* v. *Meier & Frank Co.*, 166 Ore. 482 [113 P.2d 438, 138 A.L.R. 1], stated (113 P.2d 448):

"The damages [in an action for the invasion of the right of privacy] may be difficult of ascertainment, but not more so than in actions for malicious prosecutions, breach of promise of marriage, or alienation of affections, and in many cases of libel, slander and assault. The law has never denied recovery to one entitled to damages simply because of uncertainty as to the extent of his injury and the amount which would properly compensate him." (See *Eick* v. *Perk Dog Food Co.*, 347 Ill.App. 293 [106 N.E.2d 742, 746].)

▉ The fact that damages resulting from an invasion of the right of privacy cannot be measured by a pecuniary standard is not a bar to recovery. (*Rhodes* v. *Graham*, 238 Ky. 225 [37 S.W.2d 46, 47]; *Brents* v. *Morgan*, 221 Ky. 765 [299 S.W. 967, 971, 55 A.L.R. 964].) ▉ While special damages may be recovered if sustained, general damages may

be recovered without a showing of specific loss. (*Munden* v. *Harris*, 153 Mo.App. 652 [134 S.W. 1076, 1079] ; *Pavesich* v. *New England Life Ins. Co.*, 122 Ga. 190 [50 S.E. 68, 73, 106 Am.St.Rep. 104, 2 Ann.Cas. 561, 69 L.R.A. 101].) Dean Pound says that "the activities of photographers, and the temptation to advertisers to sacrifice private feelings to their individual gain call upon the law to do more in the attempt to secure this interest than merely take incidental account of infringements of it." (28 Harv.L.Rev. 363.)

In *Kunz* v. *Allen*, 102 Kan. 883 [172 P. 532, L.R.A. 1918D 1151], the defendants used a photograph of the plaintiff without her consent to advertise their business. The trial court sustained a demurrer to plaintiff's evidence, the equivalent of our motion for a judgment of nonsuit. On appeal the court said (172 P. 532) :

"The principal ground upon which it is claimed the demurrer was sustained is that the plaintiff failed to prove any actual damages. This was not necessary. *Schaap* v. *Hayes*, 99 Kan. 36 [160 P. 977] ; *Pavesich* v. *New Eng. Life Ins. Co.*, 122 Ga. 190 [50 S.E. 68, 69 L.R.A. 101, 106 Am.St. Rep. 104, 2 Ann.Cas. 561]." *Reed* v. *Real Detective Pub. Co.*, 63 Ariz. 294 [162 P.2d 133], was an action for invasion of the right of privacy. The court said (162 P.2d 139) :

"The gravamen of the action here charged is the injury to the feelings of the plaintiff, the mental anguish and distress caused by the publication. In an action of this character, special damages need not be charged or proven, and if the proof discloses a wrongful invasion of the right of privacy, substantial damages for mental anguish alone may be recovered. *Hinish* v. *Meier & Frank Co.*, 166 Or. 482 [113 P.2d 438, 138 A.L.R. 1] ; Note, 138 A.L.R. 106." In *Goodyear Tire & Rubber Co.* v. *Vandergriff*, 52 Ga.App. 662 [184 S.E. 452], a right of privacy case, the court observed [184 S.E. 454] :

" 'In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed.' "

"One whose right of privacy is unlawfully invaded is entitled to recover substantial damages, although the only damages suffered by him resulted from mental anguish. In such an action, the damages to be recovered are those which

the law authorizes in cases of torts of that character, and if the law authorizes a recovery for wounded feelings in other torts of a similar nature, such damages would be recoverable in an action for the violation of this right." (41 Am.Jur. 950, § 34.)

The Supreme Court of Washington in *State* v. *Hinkle,* 131 Wash. 86 [229 P. 317], observed (229 P. 319):

"Nothing so exclusively belongs to a man or is so personal and valuable to him as his name. His reputation and the character he has built up are inseparably connected with it. Others can have no right to use it without his express consent, and he has a right to go into any court at any time to enjoin or prohibit any unauthorized use of it. Nor is it necessary that it be alleged or proved that such unauthorized use will damage him. This the law will presume." (Also see *Welsh* v. *Pritchard,* 125 Mont. 517 [241 P.2d 816, 820].)

The rule with respect to damages for a libel is analogous. (Rest., Torts, § 867, Comment d; 41 Am.Jur. 927, §§ 6, 7; cf. *Kerby* v. *Hal Roach Studios,* 53 Cal.App.2d 207, 213 [127 P.2d 577].) One of the elements entering into damages for a libel is injury to the feelings of the person libeled. That injury may be inferred by the trier of fact from the testimony with relation to the social status of the person libeled. This inference may be supplemented by the direct statement of the plaintiff to the effect that his feelings were injured. (*Earl* v. *Times-Mirror Co.,* 185 Cal. 165, 170 [196 P. 57]; *Scott* v. *Times-Mirror Co.,* 181 Cal. 345, 365 [184 P. 672, 12 A.L.R. 1007].) In an article by Louis D. Brandeis (later Mr. Justice Brandeis) and Samuel D. Warren which first focused the attention of the profession on the right of privacy, it is said:

"The remedies for an invasion of the right of privacy are also suggested by those administered in the law of defamation, and in the law of literary and artistic property, namely:—

"1. An action of tort for damages in all cases. Even in the absence of special damages, substantial compensation could be allowed for injury to feelings as in the action of slander and libel." (4 Harv.L.Rev. 219.)

▮ Plaintiff attempted to prove that he had sustained more than nominal damages but was foreclosed from doing so. He testified he had received telephone calls from other lawyers and that he had had conversations with other lawyers pertaining to the advertisement. His counsel asked him how the calls and conversations had affected him and whether

they had caused him any mental anguish. On objection by defendant that the questions were immaterial, the court precluded plaintiff from testifying to his feelings resulting from the publication. The rulings were erroneous. The questions were not only material, they were directly pertinent to proof of damage. Plaintiff sought to prove that he had been ridiculed by other lawyers on account of the advertisement. On defendant's objections the court excluded the evidence. The rulings were erroneous. What had been thus said to him was competent to show his mortification of feelings. (*Foster-Milburn Co.* v. *Chinn*, 134 Ky. 424 [120 S.W. 364, 366, 135 Am.St.Rep. 417, 34 L.R.A.N.S. 1137].)

Shortly after plaintiff returned the machine he had purchased to defendant, and long before defendant circulated the advertisement using plaintiff's name, some correspondence relative to the machine passed between plaintiff and defendant. The correspondence shows that plaintiff returned the machine because it was unsatisfactory and that defendant knew it. Plaintiff offered the correspondence in evidence. Its authenticity was not questioned. On defendant's objections it was excluded. The correspondence was admissible for the purpose of showing that plaintiff had returned the machine because it was defective and unsatisfactory, and that defendant knew at the time it circularized the legal profession that plaintiff was not a satisfied user.

Other assigned errors are not likely to arise on a retrial and need not be considered.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.