[Civ. No. 29743. First Dist., Div. Three. Oct. 25, 1972.]

BRUCE W. STILSON et al., Plaintiffs and Appellants, v. READER'S DIGEST ASSOCIATION, INC., et al., Defendants and Respondents.

## COUNSEL

Bruce W. Stilson, in pro. per., and Guy W. Shoup for Plaintiffs and Appellants.

Pillsbury, Madison & Sutro, Noble K. Gregory, William I. Edlund and Michael H. Salinsky for Defendants and Respondents.

## OPINION

DRAPER, P. J.—This appeal presents another aspect of the problems in the burgeoning field of class actions. The two named plaintiffs sue on behalf of themselves and all others similarly situated.

It appears from admissions sought by plaintiffs and made by defendants that in 1970 defendants conducted two "sweepstakes" in which they offered substantial prizes. Typed letters, personalized by a computer tape process, were mailed by defendants, enclosing books of tickets or chances on the sweepstakes. The addressees of these letters constitute the class for which this action is brought. In the first drawing, the letter read, in part, "You and two other members of the Reader's Digest family (naming two) are among the people in (name of city) whose names have been selected from a list of United States residents to receive a personal Lucky Number 'Bankbook' in our new" sweepstakes. The letter concerning the second "sweepstakes" omitted the reference to the Reader's Digest family. It said: "Good news for you and other selected residents of (name of city). You— and your fellow townsmen—(naming two) are among those from this area whose names have been selected" etc. Presumably, a like letter, using the name of the earlier addressee, went to each of the two named in it, similarly using plaintiffs' name. Subscription to the magazine was not required as a condition to inclusion of these numbers in the drawing, but it is apparent that the design was ultimately to secure subscriptions. It is also apparent that the name of any one individual was used only in the mailing to him and to two others. The complaint alleges that such use of the name of each plaintiff, named or unnamed in the complaint, was without his authorization.

Although the complaint seeks damages and injunctive relief as to all mailings within the period of the statute of limitations, the only information we have as to numbers is found in the deposition taken by plaintiff of an executive of defendant. This deposition relates only to the two "sweepstakes" of 1970. Deponent's figure, not questioned by either party, is that mailings were made to approximately 21,300,000 persons in the first 1970 drawing, and to approximately 29,000,000 in the second. We have no information as to the percentage of duplication in the two mailings, but it is clear that the "class" numbers from 21 to 50 millions, even if the 1970 mailings were the only ones.

Defendants moved to strike the allegation relating to others than the named plaintiffs. Plaintiffs sought a temporary injunction. The motion to strike was granted. Plaintiffs appeal.

■ The unauthorized use of one's name for commercial exploitation is actionable (*Fairfield* v. *American Photocopy etc. Co.*, 138 Cal.App.2d 82 [291 P.2d 194]; Prosser, *Privacy* (1960) 48 Cal.L.Rev. 383, 401-407). Special damages need not be shown (*Fairfield* v. *American Photocopy, etc. Co., supra,* p. 89). But a plaintiff is entitled to show special circumstances, including any mental anguish caused to him, in establishing damages in excess of the merely nominal (*id.,* pp. 88-91). The gist of the cause of action here asserted is a wrong "resulting in injury to the feelings"; it "concerns one's own peace of mind"; and the injury is "mental and subjective" (*Kelly* v. *Johnson Publishing Co.*, 160 Cal.App.2d 718, 721 [325 P.2d 659]).

■ Plaintiffs-appellants argue that they have met the requirement of showing a "well defined community of interest in the questions of law and fact involved affecting the parties to be represented" (*Daar* v. *Yellow Cab Co.*, 67 Cal.2d 695, 704 [63 Cal.Rptr. 724, 433 P.2d 732]).

The authorities cited above articulate the well-established principle of law that one whose name is used for a commercial purpose without authorization has a right to mere "nominal" damages, i.e., 1¢ to $1 each. There may well be little dispute as to absence of authorization by most of the unnamed plaintiffs. Thus, if commercial exploitation be found, they would be entitled to nominal recoveries upon little more than election to proceed. But nominal damages involve only a trivial sum. They " 'are damages in name only, not in fact, . . . the same as no damages' " at all (*Price* v. *McComish,* 22 Cal.App.2d 92, 100 [72 P.2d 978]). As to such damages, it is the legal principle, and not contested issues of either law or fact, which are common to all in the class. But, as pointed out in *Fairfield,* each such plaintiff has an established right to show the mental anguish,

as well as the financial detriment, which may have been caused to him by the use of his name in letters to two other persons. This necessarily would involve evidence of the mental and subjective state of each plaintiff who sought more than nominal damages, and could well concern the status and business relationship to him of the recipients of the letters using his name. To open a California court to the presentation of such evidence by an indeterminable portion of the 21 to 50 million unnamed plaintiffs would foist upon our judicial system an intolerable burden, and the mere nominal damages to be recovered by even a large number cannot warrant such an imposition.

We recognize, of course, the rule that "although ultimately each class member will be required in some manner to establish his individual damages this circumstance does not preclude the maintenance of the suit as a class action." (*Vasquez* v. *Superior Court,* 4 Cal.3d 800, 815 [94 Cal. Rptr. 796, 484 P.2d 964].) ■ But plaintiffs must "demonstrate that the questions which they will be required to litigate separately are not numerous or substantial" (*id.,* p. 820). "[S]ubstantial benefits resulting from class litigation, both to the litigants and to the court, should be found before the imposition of a judgment binding on absent parties can be justified," (*Daar* v. *Yellow Cab Co., supra,* 67 Cal.2d at p. 713).

We note that the trend of authority favorable to class actions (*Vasquez* v. *Superior Court, supra; Daar* v. *Yellow Cab Co., supra*) does not vest an uncontrolled discretion in the named plaintiffs and their counsel to represent a class of unlimited size (see *Diamond* v. *General Motors Corp.,* 20 Cal.App.3d 374 [97 Cal.Rptr. 639] [hg. den.]; *Los Angeles Fire & Police Protective League* v. *Rodgers,* 7 Cal.App.3d 419 [86 Cal.Rptr. 623]). Rather, as pointed out in *Daar* and *Vasquez,* there must be some benefit of substance to the parties and the court.

■ Although an award of but nominal damages to each of the millions of unnamed plaintiffs would impose a heavy penalty upon defendants, it would hardly serve the interest of any plaintiff. Yet to award even slightly more than nominal damages, the court would be required to examine the mental and subjective state of each of the millions of plaintiffs, since in each case such individual appraisal is of the essence of the claim for damages and, indeed, of the cause of action.

At oral argument, plaintiffs advised that if we took this view, they would not object to our limiting the class of plaintiffs to those resident in California at the time their names were used. But, upon the reasonable assumption that defendants' mailings were proportionately distributed over the several states, this would still leave from two to five million plaintiffs

whose individual sensitivity and worldly status would have to be separately assessed. We agree with the trial court that this would impose an unjustified and intolerable burden upon the court and the parties.

Appellants also urge, although less strongly, the right to enjoin further like use of the names of the unnamed plaintiffs. But this, too, would present major difficulties for the parties and the trial court. The proposed injunction would apply only to reuse of a name already used. Yet the deposition filed herein contends that the mailings were to names selected by computer from a master tape which is used for day to day business of respondent, including billing and subscription renewal, in addition to solicitation of subscriptions. The advertising mailings were made from tapes run from this master tape, but were erased for reuse before this action was filed. Even if this difficulty could be overcome, the court would have the burden of devising a method of notifying each unnamed plaintiff of the pendency of the action in his behalf. The right to a remedy does not imply a duty to seek it. It cannot be assumed that each of the millions in the class objects to such use of his name, and injunction would hardly be granted absent some desire for it by each supposed beneficiary. Many of the problems which bar relief in damages similarly weigh against issuance of injunctions in behalf of this overbroad class.

We sustain the trial court's determination that the class action claim should be barred.

Order affirmed.

Brown (H.C.), J., and Caldecott, J., concurred.

A petition for a rehearing was denied November 24, 1972, and appellants' petition for a hearing by the Supreme Court was denied December 20, 1972.