**Arthur MARCHESI and Nancy Marchesi, and all others similarly situated, Plaintiffs,**

v.

**EASTERN AIRLINES, INC., et al., Defendants.**

**No. 75 C 1218.**

United States District Court, E. D. New York.

Sept. 16, 1975.

F. Lee Bailey, Boston, Mass., Aaron J. Broder, New York City, by Herman J. Galley, New York City, for Arthur and Nancy Marchesi, plaintiffs.

Speiser & Krause, P. C., New York City, by Charles F. Krause, New York City, for D'Amelio and Norman, plaintiffs.

Haight, Gardner, Poor & Havens, New York City, by Walter E. Rutherford, New York City, for Eastern Airlines, Inc., defendant.

Hills, Betts & Nash, New York City, by Benjamin E. Haller, New York City, for The Boeing Co., defendant.

## MEMORANDUM AND ORDER

BRAMWELL, District Judge.

The factual background for the instant proceeding was the air crash disaster which occurred on June 24,

1975 as Eastern Airlines Flight 66 from New Orleans, Louisiana, to New York, New York, made an approach to John F. Kennedy International Airport. In what has been described as the worst single-plane disaster in American History, 107 passengers and 6 crew members lost their lives. There were only 11 survivors of this tragic crash, 9 of whom were passengers and 2 of whom were crew members. All of the survivors suffered varying degrees of physical injury.

The various passengers included citizens of five states: Louisiana, New York, Alabama, Mississippi, and Massachusetts; and of twelve foreign nations: Norway, Greece, Italy, Syria, Lebanon, Canada, United Kingdom, Argentina, Colombia, Venezuela, Mexico and Denmark.

The above-captioned action was commenced in the United States District Court for the Eastern District of New York on July 29, 1975, on behalf of the named individual plaintiffs and of all members of the alleged class of which plaintiffs are alleged to be members. This alleged class consists of the next-of-kin, heirs and personal representatives of those passengers who died as a result of the aforementioned crash of the Eastern Airlines Boeing 727 Aircraft, and in addition, includes individuals and guardians ad litem of individuals who received personal injuries as a result of said crash.

On September 5, 1975 the Plaintiffs moved for an order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring the above-captioned action maintainable as a class action. In response, Defendants Eastern Airlines, Inc., The Boeing Company and 727 Division of the Boeing Company, and individual Plaintiffs D'Amelio and Norman, interposed cross-motions, pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, for an order, declaring that the above-captioned action may *not* be maintained as a class

action. In addition, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, they also cross-moved for an order striking any and all class action allegations found in the complaint.

On September 5, 1975 this Court, after oral argument by counsel, and careful consideration of the motion papers and supporting memorandums of law submitted to it by the respective parties, denied the Plaintiffs Marchesi's motion for class action certification and granted the aforementioned cross-motions for an order declaring that the action may *not* be maintained as a class action and for an order striking all class-action allegations in the complaint.

The Court indicated following its Decision and Order from the Bench, that a written decision would follow which would indicate the reasons underlying its determinations. Accordingly, we will do so at this time.

■ It is well-settled that class actions are disfavored and deemed inappropriate vehicles for the disposition of actions arising out of mass accidents. When the 1966 Rule 23 class action provisions were adopted the Advisory Committee stated:

A "mass accident" resulting in injuries to numerous persons is ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses to liability, would be present, affecting the individuals in different ways. In these circumstances an action conducted nominally as a class action would degenerate in practice into multiple lawsuits separately tried.

Advisory Committee Notes on Rule 23, 39 F.R.D. 69, 103 (1966).

■ Consistent with this view, the Courts have, with one notable exception, uniformly and emphatically held that class action certification was inappropriate in aircraft disaster litigation. *See Pallas v. Trans World Airlines, Inc.*

(not yet officially reported, S.D.N.Y., 75 Civ. 209, decided June 3, 1975); *Causey v. Pan American World Airways, Inc.*, 66 F.R.D. 392 (E.D.Va. 1975); *Hobbs v. Northeast Airlines*, 50 F.R.D. 76 (E.D.Pa.1970).

The one case in which an aviation accident lawsuit was certified as a class action—*Petition of Gabel*, 350 F.Supp. 624 (C.D.Cal.1972)—was specifically disapproved of and reversed for that reason by the Court of Appeals for the Ninth Circuit in *McDonell Douglas Corporation v. United States District Court*, 523 F.2d 1083 (9th Cir. decided May 27, 1975).

Accordingly, since the weight of authority is clear, it is the view of this Court that class action certification should be denied and that all class action allegations in the complaint should be stricken.

It is so ordered.