[Civ. No. 58643. Second Dist., Div. Two. Aug. 19, 1980.]

JOHN M. D'AMICO, Plaintiff and Appellant, v.
SITMAR CRUISES, INC., et al., Defendants and Respondents.

COUNSEL

Nida Brinkis for Plaintiff and Appellant.

Gibson, Dunn & Crutcher, Robert Forgnone and Steven C. McCracken for Defendants and Respondents.

## OPINION

**ROTH, P. J.**—The appeal is from the trial court's order dismissing all unnamed members of a purported class in the matter, the effect of which was to determine a class action was not appropriate therein. That order was the culmination to the point of its making on July 19, 1979, of a disagreeable experience allegedly suffered by appellant and some 900 other passengers during a 2-week cruise under the auspices of respondents from Los Angeles to Puerto Rico via the Panama Canal.

In appellant's complaint it was maintained in causes of breach of contract, breach of warranty, strict liability and negligence that respondents had covenanted to provide a healthful and fit environment, lodging, food and beverages during the trip and that they had failed to do so in such fashion that appellant "and hundreds of the [other] passengers became ill." Those who did not become ill, it was further asserted, were subjected to "an unenjoyable travel atmosphere, frustrating the travel purpose of all the passengers" in that they were deprived of "the pleasure of the company of other passengers and the enjoyment of the foods, beverages and other amenities and characteristics of a pleasure cruise." The collective damages to all the passengers thus allegedly constituting the class represented by appellant was claimed to be approximately $900,000.

When the case had remained virtually dormant for 23 months, respondents moved to strike all class action allegations from the complaint and for an order declaring the class action was not proper. That motion, as indicated above, in essence was granted.

■ In its moving papers, respondents asserted, inter alia, that the class action requisite of community of interest, i.e., the existence and predominance of common questions of law and fact among the members of the purported class, was clearly lacking in that: (a) those who had not suffered physical illness and who would therefore essentially be claiming injury based upon a form of emotional distress, could establish liability on respondents' part only through the individual testimony of each person so involved; and that (b) those who had become ill could likewise cast the responsibility therefor on respondents, at least by virtue of proving proximate cause, only in the same manner.

In support of the first of these points, respondents relied heavily upon the decision in *Altman* v. *Manhattan Savings Bank* (1978) 83 Cal.

App.3d 761 [148 Cal.Rptr. 100]; in support of each of them, on the principles set out in *City of San Jose* v. *Superior Court* (1974) 12 Cal. 3d 447 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].

*Altman* concerned a class action of 458 individuals for breach of fiduciary duty and for damages based on negligence arising out of the failure of their lender's agent to make timely payment of real estate taxes from impound accounts. There was little question the breach had occurred. It was held, nevertheless, that a class action was not appropriate, even though the questions relating to invasion of the primary right and the breach of duty were common to all claimants, since proof of damages would be totally diverse and dependent upon the showing of particular individuals. (See also *Stilson* v. *Reader's Digest Assn., Inc.* (1972) 28 Cal.App.3d 270 [104 Cal.Rptr. 581].)

In *City of San Jose*, it was reiterated: "Holding that a class action cannot be maintained where each member's right to recover depends on facts peculiar to his case, *Weaver* [*Weaver* v. *Pasadena Tournament of Roses* (1948) 32 Cal.2d 833 (198 P.2d 514)] remains viable in this state. The rule exists because the community of interest requirement is not satisfied if every member of the alleged class would be required to litigate numerous and substantial questions determining his individual right to recover following the 'class judgment' determining issues common to the purported class. (32 Cal.2d at pp. 838-840, 842-843.)

"This court has consistently recognized the continued validity of this rule." (*City of San Jose* v. *Superior Court, supra*, 12 Cal.3d 447, 459.)

■ In *Rose* v. *Medtronics, Inc.* (1980) 107 Cal.App.3d 150, 154-155 [166 Cal.Rptr. 16] filed for publication by this court on June 19, 1980, we held: "A class action is maintainable only when there exists a community of interest in common questions of law and fact among the claimants to be represented, and it is likely that the combination of claims in a single action will substantially benefit both the claimants and the courts. (Civ. Code, § 1781; Code Civ. Proc., § 382; *Vasquez* v. *Superior Court, supra*, 4 Cal.3d 800, 809-810 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513]; *Darr* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 704 [63 Cal.Rptr. 724, 433 P.2d 732].) If each member of the class will be required to litigate numerous and substantial issues affecting his individual right to recover damages after the common questions have been determined, the requirement of community of interest is not satisfied. (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447,

459-460; *Weaver* v. *Pasadena Tournament of Roses* (1948) 32 Cal.2d 833, 838-840; *Altman* v. *Manhattan Savings Bank* (1978) 83 Cal.App. 3d 761, 768; *Stilson* v. *Reader's Digest Assn., Inc.* (1972) 28 Cal.App. 3d 270, 273-274.)"

The order appealed from is affirmed.

Fleming, J., and Beach, J., concurred.