106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NOONAN, ASTLEY & PEARCE, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellee.
 No. 95-55693.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1996.*
Decided Jan. 21, 1997.
As Amended on Denial of Rehearing Oct. 10, 1997.
 
 Before: GOODWIN, WIGGINS, JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Noonan, Astley & Pearce ("Noonan") appeals from the district court's dismissal of its complaint against Commercial Union Insurance Company ("Commercial"). Noonan alleged that Commercial wrongfully refused to defend Noonan under the terms of its liability policy against a lawsuit brought by the Schwolskys. The district court held that there was no possibility that the Schwolskys' complaint stated a covered claim against Noonan. We affirm.
 
 
 3
 The district court's dismissal of Noonan's complaint for failure to state a claim pursuant to Rule 12(b)(6) is reviewed de novo. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).
 
 
 4
 Under California law, Commercial owes Noonan a broad duty to defend it against claims that create a potential for indemnity. Horace Mann Ins. Co. v. Barbara B., 846 P.2d 792, 795 (Cal.1993). Commercial "must defend a suit which potentially seeks damages within the coverage of the policy." Id. (emphasis in original). Furthermore, "[a]ny doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor." Id. at 796. Commercial's duty to defend is determined by comparing the terms of the Schwolskys' complaint with the terms of the policy. Id. at 795. Facts extrinsic to the complaint may also create a duty to defend where they reveal the possibility that the claim may be covered by the policy. Id.
 
 
 5
 California Insurance Code Section 533 provides that "[a]n insurer is not liable for a loss caused by the willful act of the insured." This statutory exclusion is read into every insurance policy as an implicit term. J.C. Penney Cas. Ins. Co. v. M.K., 804 P.2d 689, 694 (Cal.1991). However, "even an act which is 'intentional' or 'willful' within the meaning of traditional tort principles will not exonerate the insurer from liability under ... section 533 unless it is done with a 'preconceived design to inflict injury.' " Clemmer v. Hartford Ins. Co., 587 P.2d 1098, 1110 (Cal.1978).
 
 
 6
 Although it is undisputed that many of the claims in the Schwolskys' complaint are excluded by section 533, Noonan asserts that the employee's invasion of privacy claim is not excluded, characterizing the claim as a potential negligent invasion of privacy claim. Appellant's Opening Brief at 15-16. Relying on an older California appellate court opinion, Noonan asserts that California recognizes such a claim. Additionally, Noonan contends that the Schwolskys' state court pleadings indicate the possibility that they would attempt to recover damages under such a theory. Consequently, Noonan argues that Commercial was obligated to provide a defense against the Schwolskys' claims.
 
 
 7
 We are skeptical that today's California Supreme Court would recognize a claim of negligent invasion of privacy under these circumstances. Even the authority Noonan cites is not so broad, simply indicating "malice is not an essential element of a violation of the [privacy] right." Fairfield v. American Photocopy Equip. Co., 138 Cal.App.2d 82, 87, 291 P.2d 194 (1955). Accordingly, Noonan's argument that the third-party complaint states a negligent invasion of privacy claim is unavailing.
 
 
 8
 In their state court complaint, the Schwolskys allege that Noonan cooperated in the termination of Ronald Schwolsky "solely to harass, embarass, injure, and retaliate against" the couple. Later, in interrogatory answers, the Schwolskys alleged that Noonan invaded their marital privacy by "disseminating information within the small, closeknit Eurodollar Market ... regarding [their] termination[s]."
 
 
 9
 Unfortunately, the specific theory of recovery asserted by the Schwolskys is less than clear. We are certain, however, that section 533 would exclude coverage for any act done with a "preconceived design to inflict injury." Clemmer, 587 P.2d at 1110. Moreover, we are certain that California would not recognize a claim of negligent invasion of privacy. Although this leaves open the possibility of an intentional invasion of privacy claim where the defendant acted without "wilfulness," that is, without a preconceived design to inflict injury, we are not convinced that such is the case here. When read in their entirety, we conclude that the Schwolskys' pleadings indicate that they are pursuing an invasion of privacy claim excluded from coverage by section 533. The Schwolskys' allegations that Noonan intented to harass, embarass, injure and retaliate indicate they are alleging Noonan acted with a preconceived design to inflict injury.
 
 
 10
 Noonan argues that it is possible that a jury will conclude that although its actions were intentional, they were not intended to inflict injury. Nonetheless, California law does not require the insurer to show a "preconceived design to inflict injury" when the insured seeks coverage for intentional and wrongful conduct if the harm is inherent in the act itself. See, e.g., J.C. Penney Cas. Ins. Co. v. M.K., 804 P.2d 689, 698 (Cal. 1991). The Schwolskys' invasion of privacy claim is part of an effort to show that Noonan conspired with Mrs. Schwolsky's employer to prevent her from pursuing sexual harassment charges, conduct which is undoubtedly inherently harmful. As a result, we have little difficulty in concluding that § 533 should apply.
 
 
 11
 Having declined Noonan's invitation to recognize a claim of negligent invasion of privacy and having concluded that the Schwolskys' claim is otherwise excluded by section 533, we conclude that the Schwolskys' lawsuit does not contain a claim covered by Noonan's liability policy. Accordingly, the district court correctly dismissed Noonan's complaint.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3