**David H. HOBBS, Peter B. Carter and M. A. E. Nettl, Executors of the Estate of Peter Nettl, Deceased and M. A. E. Nettl, Individually**

v.

**NORTHEAST AIRLINES, INC. and Fairchild Hiller Corp. and United States of America, Wilcox Electric Co., Inc., and Qualitron Aero, Inc.**

**Civ. A. No. 69-1335.**

United States District Court,
E. D. Pennsylvania.

May 15, 1970.

Henry W. Sawyer, III, Morris R. Brooke, Philadelphia, Pa., for plaintiffs.

J. Grant McCabe, III, Henry T. Reath, Francis E. Marshall, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

FULLAM, District Judge.

Plaintiffs' decedent was one of thirty-two persons killed in the crash of Northeast Airlines Flight No. 946 near Hanover, New Hampshire on October 25, 1968. The issue presently before the Court is whether the plaintiffs should be permitted to maintain this action as a class action, under Fed.R.Civ.P. 23, on behalf of "all others entitled to compensation or recovery as a result of their injuries or deaths" occasioned by the air crash. In addition to the thirty-two fatalities, there were ten survivors who suffered varying degrees of physical injury. Of this total of forty-two persons involved, three were members of the crew, of whom two were killed and one survived.[1]

While the particular causes of action asserted by the named plaintiffs arise under the Pennsylvania Wrongful Death Act, 12 Pa.Stat.Ann. § 1601, and the Pennsylvania Survival Act, 20 Pa.Stat. Ann. § 320.601, their class action allegations presuppose the availability to the other claimants of causes of action which, insofar as liability issues are

1. Northeast Airlines' answers to interrogatories indicate that four claims have been settled; however, it is not clear whether these settlements were effectuated before or after the institution of this action.

concerned, would be substantially similar to the claims asserted by these plaintiffs.[2]

At first blush, the use of the class action device in personal injury litigation seems to contain at least the suggestion of improper claim solicitation. However, I am satisfied that no such implications are valid in this litigation. Plaintiffs' highly reputable counsel are motivated solely by the commendable desire to achieve judicial and financial economies in the prosecution of potentially complex and expensive litigation. The necessity of maintaining proper standards of professional conduct is not a factor in deciding the present motion.

I shall assume for present purposes that all of the prerequisites set forth in subsection (a) of rule 23 have been met in this case.[3] This brings us to the applicability of the specific standards set forth in rule 23(b) (3). In order to permit class-action treatment, the Court must find that the common questions of law or fact "predominate over any questions affecting only individual members" and that a class action would be "superior to other available methods for the fair and efficient adjudication of the controversy." In applying these standards, it is appropriate to consider the interest of individual class members in controlling their own litigation, the extent of other litigation arising from the same crash, the desirability vel non of concentrating the litigation in this forum, and the potential management difficulties.

It seems probable, though not inevitable, that, insofar as liability is concerned, common questions of law and fact do predominate. However, this conclusion is due, at least in part, to the fact that, under Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), a federal court must apply the choice-of-law rule of the forum state. Pennsylvania applies the "most significant contacts" test. Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A.2d 796 (1964). Insofar as the defendant Northeast Airlines is concerned, it seems probable [4] that the law of New Hampshire would be applicable, since that state would seem to have the most significant interest in governing the operation of airplanes within its borders. Insofar as the defendant Fairchild Hiller, the manufacturer of the airplane, is concerned, the law of New Hampshire would probably be applicable, or perhaps the law of the state of manufacture (not disclosed on this record); but it seems unlikely that there would be any significant difference in the standard of care imposed upon the manufacturer by the various states.

However, there are other actual or potential parties to this litigation. Among the third-party defendants in this litigation (some of whom have been named as original defendants in other

---

2. I have found it unnecessary to explore the validity of this underlying assumption. Similarly, I express no view as to whether personal representatives and other fiduciaries are necessarily permitted, under varying state laws, to act as representatives of a class, or otherwise participate in a class action.

3. Whether 42 claims for wrongful death and personal injuries constitute a class "so numerous that joinder of all members is impracticable" may be somewhat debatable. In Philadelphia Electric Company, et al. v. Anaconda American Brass Co., et al., 43 F.R.D. 452 (E.D.Pa.1968), I approved a separate sub-class of 19 rural electric cooperatives, asserting complicated anti-trust treble damage claims, but the nature and scope of the overall litigation was quite different. It cannot be gainsaid that joinder of 42 plaintiffs would be somewhat inconvenient, at least.

As noted in Footnote 1 supra, there may also be a question as to adequacy of representation, in view of the fiduciary capacity of the named plaintiffs.

4. It should be noted that the parties have not fully briefed the choice of law question, and, therefore, my discussion only indicates the broad outlines of the issues involved.

pending litigation by other claimants) are: The United States of America, as the party exercising control of the facilities at the Lebanon airport, near which the crash occurred; and Wilcox Electric Company, Inc. and Qualitron Aero, Inc., both of which are manufacturers of component parts of the aircraft. If the sole basis for liability asserted against any of these parties were negligence, it may well be that the choice of law would be unimportant, and that substantially identical standards of conduct would be applied no matter which state law were utilized. But it is at least conceivable, bearing in mind the possibility of claims for breach of warranty, or under section 402A of the Restatement of Torts Second, that the legal principles for the determination of liability would vary depending upon the choice of forum and its conflict of laws rules.[5]

But irrespective of similarities or dissimilarities in the legal standards to be applied to a particular defendant, it is clear that each claimant in this situation may properly be regarded as having a legitimate interest in litigating independently. Not only do the claims vitally affect a significant aspect of the lives of the claimants (unlike the usual class action, where individual claims are usually somewhat peripheral to the lives of the claimants), but there is a wide range of choice of the strategy and tactics of the litigation. Some claimants may well evaluate their chances against certain potential defendants as better than against others. Some claimants may prefer the wholesale approach. At least one group of claimants, the employees of Northeast Airlines, obviously would not be able to participate in this litigation, as against that defendant.

I recognize that none of the difficulties outlined above is insuperable. Plaintiffs are clearly correct in suggesting that claimants wishing to control their own litigation need only elect to be excluded from the class. Nevertheless, the fact that sixteen suits have already been filed (see appendix for listing), together with the variety of potential theories of liability, makes it clear that very little would be accomplished by permitting a class action in this case, and that the few class members who would be likely to remain could presumably intervene in this action if they saw fit.

One of the principal reasons asserted by the plaintiffs for maintaining a class action is the fact that many of the claimants would not otherwise be able to bring suit in a federal court. It appears that six of the claimants reside in Massachusetts, which is also the state of incorporation of Northeast Airlines. It is clear that, notwithstanding the absence of diversity of citizenship, these claimants could participate in a class action, so long as the representative plaintiffs satisfied diversity requirements. Snyder v. Harris, 394 U.S. 332, 355 n. 23, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). However, the opinion of Mr. Justice Black in that case makes it clear that rule 23 was not promulgated for the purpose of creating a vehicle for the centralization of state causes of action in a federal forum. I am not persuaded that the unavailability of a federal forum to some claimants as against some defendants is a proper matter for consideration in passing upon a class-action application.

A further issue is whether the class-action device could be regarded as superior to other available methods for determining the controversy. Here again, plaintiffs are clearly correct in their contention that the use of the class-action device would produce substantial economies, not only in the use of judicial resources, but also in the expenses of trial and trial preparation. But it seems equally clear that litigants desiring to

---

5. Plaintiffs have limited their request for class-action treatment to liability issues only. Needless to say, on damage issues, each claim would have to be analyzed separately, to determine what law is applicable.

avail themselves of such economies can join in this litigation if they see fit, and that the procedures under the Multidistrict Litigation Statute, 28 U.S.C. § 1407, can bring about some reduction of the strain on the judicial machinery.

Finally, under the facts of this case, it would be especially inappropriate to concentrate these claims in this district.[6] Twenty-five of the potential class members are residents of various New England states, and six others reside in New York. Northeast Airlines is Massachusetts-oriented, and Fairchild Hiller is a Maryland corporation with its principal office in Baltimore. (The record does not disclose the citizenship or principal office of the third-party corporate defendants). Plaintiffs' decedent was a resident of England. Other than the named plaintiffs, none of the potential class members has any connection with Pennsylvania. It seems highly unlikely that any eyewitnesses or even key expert witnesses would find this a convenient forum. I recognize that claimants who find Pennsylvania inconvenient

could elect to be excluded from the class; by the same token, however, intervention is available irrespective of the class-action device. On balance, it seems quite obvious that this is not the appropriate forum for the maintenance of a class action under these circumstances. Cf. In re Mid-Air Collision Near Fairland, Indiana, 309 F.Supp. 621 (filed February 10, 1970 JPML); In re Mid-Air Collision Near Hendersonville, North Carolina on July 19, 1967, 297 F.Supp. 1039 (JPML 1969).

It may well be that, in the absence of federal legislation specifically covering the airline-crash situation, major disasters involving large numbers of claims could be appropriate for class-action treatment. But I am satisfied that this is not such a case.

### ORDER

And now, this 15th day of May, 1970, plaintiffs' motion to confirm the class action is hereby denied, and the class-action averments are stricken from the complaint.

---

6. In determining the appropriateness of a particular forum, it would seem proper to utilize considerations similar to those of the federal transfer statute, 28 U.S.C. § 1404(a), and the Multidistrict Litigation Statute, 28 U.S.C. § 1407.

APPENDIX

### Eastern District of Pennsylvania

| David D. Hobbs, et al. v. Northeast Airlines, Inc., et al. | Civil Action No. 69–1335 |

### District of New Hampshire

| Patricia-Anne Hillman Gil, etc. v. Fairchild Hiller Corp., et al. | Civil Action No. 3053 |

### District of Vermont

| J. William Hudson, etc. v. Northeast Airlines, Inc., et al. | Civil Action No. 5818 |
| Gino Benedini, etc. v. Northeast Airlines, Inc., et al. | Civil Action No. 5819 |
| William Gravel, etc. v. Northeast Airlines, Inc., et al. | Civil Action No. 5839 |
| William Gravel, etc. v. United States of America | Civil Action No. 5840 |
| Frederick Kipp, etc. v. Northeast Airlines, Inc., et al. | Civil Action No. 5866 |
| Joan M. Watson, etc. v. Northeast Airlines, Inc., et al. | Civil Action No. 5869 |
| Stanley L. Chamberlin, etc. v. Northeast Airlines, Inc., et al. | Civil Action No. 5875 |
| Elizabeth A. McLaughlan, etc. v. Northeast Airlines, Inc., et al. | Civil Action No. 5876 |
| Stanley A. Chamberlin, etc. v. Northeast Airlines, Inc., et al. | Civil Action No. 5877 |

### Southern District of New York

| Claire H. Havelka, etc. v. Northeast Airlines, Inc. | Civil Action No. 69 Civ 3663 |
| Charles Bruce Schneider, etc. v. Northeast Airlines, Inc., et al. | Civil Action No. 69 Civ 4664 |

### Eastern District of New York

| Dorothy Cornelius Smith, etc. v. Northeast Airlines, Inc. | Civil Action No. 69 C 263 |
| Katie Dawkins, etc. v. Northeast Airlines, Inc. | Civil Action No. 69 C 1538 |
| Mathew Birnbaum, etc. v. Northeast Airlines, Inc. | Civil Action No. 69 C 1398 |