Filed 10/1/14  Kuklenski v. County of Ventura CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MATTHEW KUKLENSKI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF VENTURA et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B251956<br>(Super. Ct. No. 56-2012-00421492-<br>CU-WM-VTA)<br>(Ventura County) |

        Matthew Kuklenski, on behalf of himself and others similarly situated, appeals a judgment after orders granting County of Ventura's ("County") motion to dismiss this case as moot, denying Kuklenski's request for leave to amend his complaint to name a substitute class representative, denying his motion to compel precertification discovery to find a class representative, and denying two motions for attorney fees under a private attorney general theory.  (Code Civ. Proc., § 1021.5.)[1]  We affirm.

                    FACTUAL AND PROCEDURAL BACKGROUND

        Until February 2012, County charged individuals for the cost of nonemergency blood draws in connection with their arrests for suspicion of driving under the influence (DUI).  County stopped the practice after Sean Henggeler presented a Government Claims Act claim for reimbursement on behalf of himself and others

_____

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

similarly situated. (Gov. Code, § 905.) Henggeler argued that the practice was not authorized by law. (Pen. Code, §§ 1463, 1463.5; *People v. Minor* (2002) 96 Cal.App.4th 29, 34 [a government entity may not recover costs of law enforcement absent authorizing legislation].)

Attorneys Brian A. Vogel and Heather Quest (hereafter "plaintiff's counsel") presented Henggeler's government claim and negotiated its resolution. County formally rejected Henggeler's claim, but issued a refund to him and to each individual it could identify who it had charged for DUI blood draws. There were about 800 such individuals and they all received refunds by April 2012. Plaintiff's counsel was aware of the refunds but continued to negotiate with County for interest and attorney fees. In May 2012, County decided to pay interest, and in June it calculated the interest. Over the following six months, it processed the interest payments. It also contacted credit reporting agencies and asked them to remove any negative information resulting from failure to pay for the blood draws. It did not agree to pay attorney fees.

Plaintiff's counsel filed this lawsuit in July 2012 on behalf of Matthew Kuklenski, a class representative. Henggeler declined to participate. Kuklenski paid County for a DUI blood draw in December 2010, nine months before Henggeler presented his government claim. Kuklenski did not present a government claim. County refunded Kuklenski's payment in February 2012, before Kuklenski filed the lawsuit. Kuklenski alleged that he had not been paid interest and had not been compensated for any financial damages "potentially suffered" as a result of a negative credit report. He alleged there was a class of persons similarly situated who had been charged for DUI blood draws between September 2008 and March 2012 and to whom County had not paid interest or "account[ed] for any financial damages" related to negative credit reports.

County demurred to the complaint on the ground that neither Kuklenski nor any member of the class filed a government claim within six months of the date Kuklenski paid the DUI blood draw bill. (Gov. Code, §§ 905, 945.4, 911.2, subd. (a).) It asserted other grounds, but these did not include mootness.

2

In opposition, Kuklenski requested leave to amend to name a more suitable class representative, Charles Gillig, who paid for a blood draw within six months of Henggeler's claim. The demurrer was originally set for November 28, 2012, but continued by stipulation to December 12. In December, before the hearing, plaintiff's counsel reported that Gillig was unwilling to act as a class representative. Counsel asked the trial court to continue the hearing on the demurrer for 30 days to "grant plaintiff time and leave to locate another class member . . . whose claim . . . accrued within the six-month time period." About two weeks later, plaintiff's counsel reported that he located another possible class representative, but she also declined to act as a representative. The court continued the hearing to December 21, and again to January 14. Shortly before the hearing on the demurrer, Kuklenski received his check for interest.

At the January hearing on the demurrer, plaintiff's counsel told the trial court that "[they've] had three [class representatives] come forward and then back out," because of the "stigma" of an arrest for driving under the influence of alcohol. He intended to engage in discovery to "find a suitable representative before the certification motion." On January 22, while the demurrer was under submission, Kuklenski propounded discovery requests seeking class member contact information. County did not respond.

The trial court issued a written order on January 25, 2013, taking the demurrer "off calendar" and dismissing the case as moot. It later reconsidered, because mootness was not a noticed ground for the demurrer. It invited County to file a motion to dismiss. The court issued a written "judgment after hearing" on March 13 in which it overruled the demurrer "as moot."

County filed a noticed motion to dismiss the action on the ground that there was no case or controversy. County supported its motion with declarations from its risk manager and a deputy of financial reporting. Before the lawsuit was filed, it stopped the practice of charging for DUI blood draws, issued refunds, and began calculating interest payments. In opposition, plaintiff's counsel argued that the trial court should not dismiss the case until he had an adequate opportunity to engage in discovery, contact putative

3

class members, and attempt to locate a suitable representative. He argued that there was still a case and controversy because County had not demonstrated that it paid any damages suffered as a result of negative credit reports or that it had agreed to permanent injunctive relief.

The trial court heard argument on the motion to dismiss in April. It continued the matter to late June "to see what efforts/results have been made by plaintiff." It ordered counsel to "discuss certain discovery issues."

In May, Kuklenski filed a motion to compel County to respond to his discovery. County opposed and moved for a protective order on the ground that Kuklenski was not entitled to discovery to find a class representative because Kuklenski was never a class representative and the case was moot.

Before the hearing on the discovery motions, plaintiff's counsel identified another possible class representative, Jodi Puckett. He notified County that Puckett had not received a refund. County investigated and found 11 individuals, including Puckett, who County "overlooked" because "their bills were paid by insurance." County began issuing refunds and calculating interest for these 11 individuals on May 30, 2013, the day of the discovery motion hearing. It issued interest payments to them in June.

The trial court denied the motion to compel and granted County's motion for a protective order. On the following day, Kuklenski filed a motion for leave to amend the complaint to add Puckett as a class representative. Plaintiff's counsel declared, on information and belief, that Puckett's claim arose within six months of Henggeler's claim and that neither Puckett nor her insurance company received a refund for her DUI blood draw payment.

By the time of the June 28 hearing on the motion to dismiss and motion for leave to amend, Puckett had received a refund and an interest payment. The trial court observed, "I don't think you've progressed very far from - - at all from where we were the last time. You still don't have a plaintiff who is unpaid or unreimbursed."

The trial court denied leave to amend and granted the motion to dismiss without prejudice. It entered an amended judgment in County's favor.

4

Kuklenski filed two motions for attorney fees pursuant to section 1021.5, one after the hearing on the demurrer and the other after the trial court entered the amended judgment. The court denied both. The first motion argued that the litigation was the catalyst that compelled County to admit responsibility for the costs of the blood draws, to pay refunds, to pay interest on the refunds, to stop the practice of charging for DUI blood draws, and to contact the credit agencies to correct negative reports. The court denied it because "[the] [m]oving party has not shown a sufficient nexus between their activities and [a] refund to plaintiff." The second motion argued that Kuklenski conferred an additional benefit on the public at large when he compelled County to compensate 11 overlooked individuals. The court denied it because payment to 11 individuals did not "confer[] a benefit to the public or a large class of persons." The court also denied County's motion for sanctions for bringing a frivolous action. (Code Civ. Proc., § 128.7.)

DISCUSSION

A trial court should generally allow a purported class action to proceed beyond the pleading stage before it determines whether the case may continue as a class action. (*La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 876.) Where there is a reasonable possibility that the plaintiff can establish a community of interest among potential claimants, the preferred course is to defer the determination for an evidentiary hearing. (*Rose v. Medtronics, Inc.* (1980) 107 Cal.App.3d 150, 154.) But where there is no such possibility, and where this is evident from the pleadings or matters of which the court may take judicial notice, the class issue may be resolved at the pleading stage. (*Silva v. Block* (1996) 49 Cal.App.4th 345, 349.)

Courts decide justiciable controversies and will normally not render advisory opinions. (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1179.) We review a trial court's determination of mootness for substantial evidence. (*Giraldo v. Department of Corrections & Rehabilitation* (2008) 168 Cal.App. 4th 231, 257.) Substantial evidence supports the trial court's August 2013 determination that the case was moot. County stopped its practice of charging for DUI blood draws and

5

reimbursed, with interest, all individuals who paid for those blood draws. It also contacted credit agencies to correct negative reports. There was nothing left to enjoin or compensate.

Kuklenski contends that the trial court should have granted his request for leave to amend to substitute the class representative and that precertification discovery might have uncovered a suitable representative and additional damages. We review the trial court's decision to deny leave to amend and its discovery decisions for abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 273-274 [no abuse of discretion to deny leave to amend where there is no reasonable possibility that plaintiff can cure the defect]; *First American Title Ins. Co v. Superior Court* (2007) 146 Cal.App.4th 1564, 1575-1576 [abuse of discretion to allow precertification discovery designed to find a substitute class representative where initial class representative was never a member of the class].) The burden of proving a reasonable possibility that a defect can be cured by amendment is on the plaintiff. (*Silva v. Block*, *supra*, 49 Cal.App.4th 345, 349.) Plaintiff's counsel's declarations and statements in court demonstrate that it was not reasonably possible to amend to name a willing and suitable class representative.

Kuklenski argues that he might have found a suitable substitute class representative if the trial court had granted his motion to compel precertification discovery. Precertification discovery of contact information to identify potential class members is generally allowed (*Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 373), and discovery to find a substitute class representative may be allowed where the class representative originally has standing but loses it as a result of intervening events. (*Best Buy Stores, L.P. v. Superior Court* (2006) 137 Cal.App.4th 772, 778, 779.) In *Best Buy*, for example, the trial court properly allowed precertification discovery to find a class representative to replace an attorney who filed the action and named himself as representative when intervening authority proscribed his dual role.

On the other hand, however, a plaintiff who is "not, and never has been, a member of the class he sought to represent" is not entitled to precertification discovery to

6

identify a substitute representative. (*First American Title Ins. Co. v. Superior Court*, *supra*, 146 Cal.App.4th 1564, 1574.) A plaintiff seeking to maintain a class action must be a member of the class he claims to represent. (*La Sala v. American Sav. & Loan Assn.*, *supra*, 5 Cal.3d 864, 875.) In *First American Title Ins. Co.*, a complaint for unfair business practices alleged a class consisting of people whose lenders received kickbacks for directing them to buy First American title insurance policies. First American Title had already agreed to refund premiums in settlements with the states of California and Colorado. The purported class representative alleged that his lender received a kickback for directing him to use First American, but this was not true. (*Id.* at p. 1569.) The trial court abused its discretion when it permitted him to conduct precertification discovery to find a more appropriate class representative or to contact people who were implicated by the settlement "'to determine whether they received their refunds and, if so (1) how those refunds were received and (2) whether they adequately compensated for damages.'" (*Id.* at p. 1577.)

Similarly, Kuklenski was never a member of the class he purported to represent. Kuklenski concedes that Henggeler's government claim was not timely as to him. The trial court did not abuse its discretion when it denied Kuklenski's request for precertification discovery to find a substitute class representative to verify the accuracy of the refunds or to determine whether other people were adequately compensated.

Kuklenski argues that Puckett would have been a suitable class representative if County had not "picked her off" by sending her the overlooked refund. A plaintiff may sometimes be permitted to continue as class representative despite his or her own inability to prevail on the merits when at least some members of the alleged class survive and would be entitled to recovery upon proof of the allegation. (*Chern v. Bank of America* (1976) 15 Cal.3d 866, 874-875.) That is not the case here.

The trial court did not abuse its discretion when it refused to award attorneys fees. Henggeler's claim was a catalyst for County's remedial action, but County acted before suit was filed. Kuklenski's claims were barred by the Government Claims Act. Kuklenski's lawsuit did uncover 11 individuals for whom refunds were overlooked,

7

but this did not confer any substantial benefit on "the general public or a large class of persons."  (§ 1021.5.)

County's remedial response to Henggeler's claim accomplished the purpose of the Government Claims Act to provide a public entity with sufficient information to enable it to settle claims, if appropriate, without the expense of litigation, and to avoid similar liabilities in the future.  (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 991.)  The purpose of the act would be undermined if this litigation were allowed to continue.  Like the plaintiff in *First American Title Ins. Co.*, Kuklenski has no individual interest in seeing this action proceed and he has not uncovered any wrong that will remain unaddressed if it does not.  (*First American Title Ins. Co. v. Superior Court*, *supra*, 146 Cal.App.4th 1564, 1577.)

DISPOSITION

The judgment is affirmed.  County shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

8

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Law Offices of Brian A. Vogel, PC, Brian A. Vogel, Heather A. Quest for Plaintiff and Appellant.

Leroy Smith, County Counsel, Thomas W. Temple, Assistant County Counsel, for Defendants and Respondents County of Ventura, Santa Paula Hospital, Ventura County Medical Center.